**164** LOOS v. RONDEMA

---

[No. 1426.   Decided November 22, 1894.]

JOHN H. LOOS, *Respondent, v.* JOHN T. RONDEMA, *Appellant.*

APPEAL—TIME OF FILING STATEMENT OF FACTS.

Under Laws 1893, p. 116, § 13, providing that a proposed statement of facts shall be filed within thirty days after final judgment, which time may be enlarged by the court, but not for more than sixty days additional, upon good cause shown, a statement of facts filed 91 days after final judgment will be stricken from the files upon motion therefor.

The objection that the statement of facts was not filed within the time prescribed by the statute, being a jurisdictional question, may be raised for the first time in the appellate court.

*Appeal from Superior Court, Walla Walla County.*

*Poindexter & Rader,* for appellant.

*B. L. & J. L. Sharpstein,* for respondent.

The opinion of the court was delivered by

DUNBAR, C. J.—The respondent moves to strike the statement of facts in this case because it was not served within

ninety days from the day of the rendition of the judgment. Final judgment was entered on the 9th day of March, 1894, and the time for appeal commenced to run on that date. The statement of facts was filed and served on the 8th day of June, 1894. There were twenty-two days in March, exclusive of the day of entry of the judgment, thirty days in April, thirty-one days in May and eight in June, ninety-one days in all. Sec. 13 of Ch. 60, of the laws of 1893, p. 116, provides that:

" A proposed bill of exceptions or statement of facts must be filed and served either before or within thirty days after the time begins to run within which an appeal may be taken from the final judgment in the cause, * * * Provided, that the time herein prescribed may be enlarged either before or after its expiration, once or more, but not for more than sixty days additional in all, by stipulation of the parties, or for good cause shown and on such terms as may be just, by an order of the court or judge wherein or before whom the cause is pending or was tried, made on notice to the adverse party."

It will be seen in this case that the conditions prescribed by the statute were not complied with, and that the time was extended beyond the ninety days, or rather beyond the sixty days additional provided for.

It is claimed by the appellant that inasmuch as the respondent did not raise this point below, he is precluded from raising it here; citing several cases from this court to sustain his contention. The cases cited, however, do not go to questions of jurisdiction, and this court has so often held that it will take notice of a jurisdictional question at any time that it is hardly worth while to discuss that question again here.

It is true that § 13, above cited, provides that no irregularity or failure to pursue the steps prescribed by this act on the part of any party or judge, shall affect the jurisdiction of the judge to settle or certify a proper bill of exceptions or statement of facts; but this provision, construed in connection with the whole section, which distinctly states that the time for settling the statement of facts, shall not be extended

more than sixty days additional in all, evidently has reference to steps that are taken within the sixty days, or ninety days, as the case may be. A party only has a right of appeal by reason of the provisions of the statute, and when the statute which gives the right says, in plain words which are not susceptible of construction, that the party who desires an appeal must file his statement within a certain prescribed time, it would seem that argument was not admissible, and that there was nothing to do but to enforce the plain, mandatory provisions of the law. The motion will therefore be sustained.

As this case depends entirely upon the statement of facts, the result of sustaining the motion to strike the statement will be to affirm the judgment.

SCOTT, ANDERS and HOYT, JJ., concur.

STILES, J., dissents.