[No. 3802.    Decided September 23, 1902.]

NELLIE M. CROWLEY, *Respondent*, v. MARTIN J. MC-
DONOUGH *et ux., Appellants*.

APPEAL — BRIEFS — ASSIGNMENT OF ERRORS.

Although appellant may not have specifically assigned the er-
rors relied on for reversal in his brief, as required by statute and
rule of court, the court will not strike the brief and affirm the
judgment, when it has been able to discover therefrom the errors
relied on.

SAME — STATEMENT OF FACTS — FILING — EXTENSION OF TIME.

Under Bal. Code, § 5062, which provides that a proposed state-
ment of facts must be filed and served within thirty days after
appeal may be taken from a final order, which time may be en-
larged either before or after its expiration, but not for more than
sixty days additional, an application for an extension of time
within which to file a statement of facts must not only be filed
but acted upon by the court, within the sixty days next following
the thirty days after the right to appeal accrues.

SAME — POWER OF COURT TO ORDER NUNC PRO TUNC.

The superior court has no power, after the expiration of the
time limited by statute for the filing of a statement of facts, to
order the filing of such statement as of a previous date, where the
application for further time was not considered by the court dur-
ing the time prescribed by law for such filing.

SAME — MOTION AFTER EXPIRATION OF NINETY DAYS A NULLITY.

After the expiration of the original thirty days provided by
statute, a statement of facts can be filed only by permission of the
court, and hence the filing of a statement thereof, but within the

sixty days additional permitted by statute, without leave or order of court, would not create or preserve any rights in favor of appellants, or entitle them to any of the benefits accruing from a timely filing of such statement.

Appeal from Superior Court, Spokane County.—Hon. LEANDER H. PRATHER, Judge. Affirmed.

*Stern, Hamblen & Lund (George H. Williams, of counsel), for appellants.*

*Hyde, Latimer & Barnes, for respondent.*

PER CURIAM.—This was an action for personal injuries alleged to have been inflicted on the plaintiff by the defendant, Martin J. McDonough. From a judgment in favor of the plaintiff, the defendants have appealed to this court.

The respondent moves to strike from the files and disregard the brief of appellants, and to affirm the judgment in this cause, on the ground and for the reason that the said brief fails to point out the errors relied on for a reversal of the judgment, and contains no assignments of error as required by law and the rules of this court. It is provided in § 6514, Bal. Code (Laws 1893, p. 127), that the appellant's brief "shall clearly point out each error that the appellant relies on for a reversal;" and rule 8 of this court is to the same effect. This provision is clear and explicit, easily understood, and should be at least substantially observed by counsel in all cases. Although a technical assignment of errors is not now required in this state, a specification of the errors alleged to have been committed in the lower court, substantially similar to that which constitutes a common-law assignment of errors, is indispensably necessary. And this specification must be made, not in the record, but as we have seen, in the brief of the appellant. The object and purpose of the

specification of errors is to apprise the appellate court of
the specific questions presented for its determination, and
to inform the opposite party of the alleged errors intended
to be relied on for a reversal of the judgment, and thereby
obviate the necessity of the examination by the court, and
the discussion by counsel, of all the questions raised on the
trial in the lower court, respecting which it may be con-
jectured that there is possible error.    There is a wide dis-
tinction between an argument and an assignment or speci-
fication of errors, and, therefore, a mere argument of ab-
stract legal propositions cannot be regarded as such as-
signment, in contemplation of our statute.    And hence in
*Haugh v. Tacoma,* 12 Wash. 386 (41 Pac. 173) and *Per-
kins v. Mitchell, Lewis & Staver Co.,* 15 Wash. 470 (46
Pac. 1039), and other cases, this court was constrained to
hold that, where the brief of the appellant fails to point
out the errors relied on for a reversal, the brief will be
stricken from the files, and the judgment appealed from
affirmed, notwithstanding the fact that certain legal ques-
tions are argued in appellant's brief.    The court pro-
ceeded on the theory, which is manifestly correct, that an
argument is of no avail unless it is addressed to some al-
leged error or errors, and is applicable thereto.    But we
have never affirmed a judgment or dismissed an appeal for
the simple reason that errors were informally assigned.
It is stated in appellant's brief in the case at bar, after
quoting parts of the plaintiff's testimony, that, upon the
conclusion of the opening statement on behalf of plaintiff,
counsel for the defendants moved for a dismissal of the
case as to Mrs. McDonough upon the ground that there
was no liability, as against her, because of any act of her
co-defendant; that, at the conclusion of plaintiff's evi-
dence, this motion was renewed with greater detail; that
a motion for a new trial was also made and argued, based

chiefly upon the non-liability of the defendant, Mrs. Mc-Donough, for an assault committed by her co-defendant; and that, in addition to all this, a motion was made to correct the judgment so as to relieve said defendant, Mrs. McDonough, from any liability. And it is then stated that "the principal exceptions naturally arise from the denial of the several motions made, in behalf of the de-defendant, Mrs. McDonough, to dismiss the case as to her." Some other "exceptions" are mentioned in the brief without argument, and will, therefore, not be considered, and the question is, are the errors relied on by the appellants sufficiently pointed out in their brief? It is insisted by counsel for the respondent that in this regard neither the statute nor the rules of this court have been complied with. But while the pages of the record should have been referred to as required by our rules, and the errors more specifically alleged, yet, inasmuch as we have been able to discover the errors "relied on for a reversal," we are not disposed to affirm the judgment upon this motion, and the motion is therefore denied, under the liberal rule adopted in *Ranahan v. Gibbons,* 23 Wash. 255 (62 Pac. 773).

The respondent also moves this court to strike the statement of facts, and to affirm the judgment, on the grounds: (1) That the statement of facts was not filed and served within the time provided by law; (2) that no application for an extension of time for serving or filing such statement was made within the time provided by law; (3) that the order extending the time for filing and serving the statement of facts was made more than ninety days after the entry of the final judgment in this action; (4) that the statement of facts is not certified as provided by law, and was not certified within ninety days from the entry of the final judgment, and was certified without jurisdiction of

the court to make the order, and that no notice of filing said statement of facts was given respondent; (5) that the said statement of facts is not certified to in accordance with law, and does not purport to contain all the evidence given in said cause, and is not such a statement of facts as the law requires in cases tried to a jury; and (6) that no notice of either the filing, settling, or certifying said statement was ever given the respondent.   This motion presents some important and interesting questions, the determination of which necessitates an examination, to some extent, of the record, as well as a consideration of the statutes applicable thereto.

It is disclosed by the record that the final judgment in this cause was entered on May 29, 1900; that sixty days after said date, and on July 28th following, the appellants filed with the clerk of the superior court their proposed statement of facts, without leave of the court and without notice to the respondent; that two days thereafter, on the 30th day of July, appellants served their proposed statement upon the respondent; and that afterwards, but on the same day, they served on respondent a motion for an order extending the time to file and serve their statement of facts up to and including July 30, 1900, which motion was based on affidavits to be served before the hearing thereof; that on August 28th, ninety-one days after the entry of the judgment, the said motion was filed in the superior court; that proof of service of the statement of facts and of the motion to extend the time for filing the same was not filed in the trial court until September 22, 1900; that the affidavits in support of the above-mentioned motion were served on the respondent on the 12th day of September, being one hundred and six days after the date of the entry of the judgment herein; and that on September 24, 1900, which was one hundred and eighteen

days after the entry of the judgment appealed from, the superior court made an order extending the time to file and serve the statement of facts up to and including the previous 30th day of July.   Our statute provides that a party desiring to have a bill of exceptions or statement of facts certified must prepare the same, as proposed by him, file it in the cause, and serve a copy thereof on the adverse party, and shall also serve a written notice of the filing thereof on any other party who has appeared in the cause. Within ten days after such service, any other party may file and serve on the proposing party any amendments which he may propose to the bill or statement.   Either party may then serve upon the other a written notice that he will apply to the judge of the court before whom the cause is pending or was tried, at a time and place specified,—the time to be not less than three nor more than ten days after service of the notice,—to settle and certify the bill or statement.   If the judge is absent at the time named in the notice, or fixed by adjournment, a new notice may be served.   If no amendment shall be served within the time aforesaid, the proposed bill or statement shall be deemed agreed to, and shall be certified by the judge at the instance of either party, without notice to any other party, on proof being filed of its service, and that no amendments have been proposed, and if amendments be proposed and accepted, the bill or statement, as so amended, shall likewise be certified on proof being filed of its service and the service and acceptance of the amendments.   Bal. Code, § 5058.   And it is further provided in § 5062, Bal. Code, that:

"A proposed bill of exceptions or statement of facts must be filed and served either before or within thirty days after the time begins to run within which an appeal may be taken from the final judgment in the cause, or (as the

case may be) from an order with a view to an appeal from which the bill or statement is proposed: Provided, That the time herein prescribed may be enlarged either before or after its expiration, once or more, but not for more than sixty days additional in all, by stipulation of the parties, or for good cause shown, and on such terms as may be just, by an order of the court or judge wherein or before whom the cause is pending or was tried, made on notice to the adverse party. . . ."

The proposed statement of facts in this cause was certified by the judge before whom the action was tried without notice to the plaintiff or her attorneys, for the reason, as stated in the certificate, that no amendments had been proposed thereto. It will be remembered that the appellants did not undertake to file their proposed statement of facts, or to obtain an order of the court enlarging the time within which to file and serve the same, until sixty days after the entry of the judgment from which the appeal is taken. And it is contended, on the part of the respondent, that said § 5062 of the Code aforesaid, properly interpreted, requires the application for an extension of time therein mentioned to be made within the thirty days next succeeding the date of the entry of the judgment. But we do not think that section is susceptible of such construction, and this court has uniformly held that such application may be made to the court after the expiration of thirty days from and after the entry of judgment. The application, however, must be made within the thirty days' limit, or within the succeeding sixty days; for even a settled and certified statement of facts, if filed more than ninety days after entry of final judgment, will be of no avail to the appellant, and will, on motion of the respondent, be disregarded by the supreme court, or stricken from the files. *Loos v. Rondema,* 10 Wash. 164 (38 Pac. 1012). And it would seem necessarily to follow that, if

a statement may not be *filed* after the expiration of the ninety days following the judgment, an application to extend the time within which to file it may not be made after the lapse of said time. We have stated that the motion to extend the time within which to file their statement was not filed by appellants in the superior court until August 28, 1900. This appears from the indorsement or file marks of the clerk upon the motion as presented in the record, although appellants seem to claim that the motion was really filed on the 28th day of July. Assuming the clerk's record to be correct, it will readily be seen that the motion and application under consideration was not filed within the proper time. Until the motion was filed, there was evidently no application at all before the court for an extension of time. The mere service of the motion on counsel for respondent brought nothing before the court for its consideration; and even the filing of the motion after ninety days from May 29th, conferred no authority upon the court to grant it. Under the statute, it seems clear that an application for an extension of time within which to file a bill of exceptions or statement of facts must not only be filed, but acted on by the court, within the sixty days next following the thirty days after the right to appeal accrues. Certainly, the superior court has no power, after the expiration of the time limited by statute for the filing of a statement of facts, to order the filing of such statement as of a previous date, in a case like this, where the application for further time was not considered by the court during the time prescribed by law for such filing. It seems to be claimed, however, on the part of the appellants, that, inasmuch as the statement of facts was actually filed or deposited with the clerk within ninety days after the entry of the judgment appealed from, the appellants are entitled to all the benefits accruing from

a timely filing of a statement. But we are unable to assent to that proposition. After the expiration of the original thirty days provided by the statute, a statement of facts can be filed only by permission of the court, and hence the filing of the statement by the appellants, without leave or order of the court, was not authorized by law, and neither created nor preserved any rights in their favor. Such filing was a mere nullity, and was properly so considered by the respondent. In this connection it may be stated that it is not even claimed that the statement of facts was filed or served under the order of the court of September 24, 1900.

For the foregoing reasons, the motion to disregard the statement of facts in this case must be granted, and, as there is now nothing before this court for determination, the judgment must be affirmed; and it is so ordered.