[No. 15362. Department One. May 31, 1919.]

NETTIE HOWELL, *Appellant,* v. L. A. DUNNING, *Respondent.*[1]

APPEAL (288) — STATEMENT OF FACTS — EXTENSION OF TIME FOR FILING—EXCUSE FOR DELAY. Failure to file a statement of facts within thirty days is excused, and an application for an extension of time, made within the sixty days when an appeal could have been taken, should have been granted, and a proposed statement filed within the ninety days permitted by an extension should have been received and certified, where appellant's attorney was quarantined at his home during an epidemic and thereby prevented from acting earlier.

SAME (288, 311)—STATEMENT OF FACTS—EXTENSION OF TIME—COMPELLING ALLOWANCE. Under Rem. Code, § 1730-8, appellant, erroneously refused an extension of time for filing a proposed statement of facts, may proceed by motion in the supreme court to obtain an extension of time and direction to the lower court to certify a statement; or such motion will be considered as an application for a writ of review.

Motion filed in the supreme court May 5, 1919, for an order permitting the filing of a statement of facts, and to have the same certified. Granted.

*Moye Wicks* and *Crandell, Williams & Crandell,* for appellant.

*R. M. Dye,* for respondent.

MOUNT, J.—This is an application, by motion in this court, for leave to file a statement of facts in this case, now on appeal, and have the statement returned to the superior court for certification.

The facts are as follows: A judgment was rendered in the superior court on the 18th day of October, 1918. A motion for new trial was filed on the 19th day of October, 1918. This motion was overruled on the 4th day of February, 1919. No proposed statement of

[1]Reported in 181 Pac. 697.

facts was filed within the thirty days. Notice of appeal, dated April 29, 1919, was filed on April 30, 1919, and served on May 1, 1919, and on May the 1st the appeal bond was filed. On the 3d day of April, 1919, counsel for appellant filed a motion in the superior court for an extension of time within which to file a statement of facts. At that time, a showing was made to the court to the effect that the family of counsel for the appellant was attacked by influenza, an epidemic which was then raging in the city of Spokane, where counsel lived; that he was, by reason thereof, quarantined in his home until after the expiration of the thirty-day period within which the statement of facts might be filed; and, for that reason, the statement of facts was not filed within the thirty days, but was served and offered for filing, and was actually filed, on the 1st day of May, 1919.

These facts are all shown by the record on appeal in this court. It will be noticed that the motion for an extension of time to file a statement of facts was served and filed within sixty days after the motion for new trial had been denied, and within the time when an appeal could be taken, and that a proposed statement of facts was served, and actually filed, within ninety days. The trial court denied the motion for an extension of time, and the appellant has now moved the court to be permitted to file the statement of facts and to have the same certified under the provisions of Rem. Code, § 1730-8.

We think it is evident that the appellant's counsel had a good excuse for not filing the statement of facts within the thirty days, as he was in quarantine and not permitted to leave his house. Afterwards, well within the ninety-day period, he offered for filing, and actually filed and served, his proposed statement of facts. We are satisfied that the trial court, under these cir-

cumstances, should have permitted the appellant to file her statement of facts, and should have certified the same, because no amendments were offered thereto. In the case of *Universal Motor Co. v. McGeorge,* 104 Wash. 344, 176 Pac. 331, this court refused to permit a statement of facts to be filed under the procedure adopted here, because the statement of facts was not filed, or offered to be filed, within the ninety-day period to which an extension of time might have been granted; but we think it is plain that, where the statement of facts is offered for filing and a good excuse is given for not filing the same within the thirty-day period, the trial court in fairness should extend the time to the extent of ninety days from the final judgment.

Counsel for the respondent insists that the court here has no jurisdiction to grant this order upon motion; and cites cases to the effect that the remedy is by writ of certiorari to review the order of the lower court. We have held that certiorari is a proper remedy; but we are of the opinion that, under Rem. Code, § 1730-8, the remedy by motion in this court is also a proper remedy, and, if not, that the application here will be treated as an application for review. It is true the trial court is not made a party to this proceeding, but the respondent is the only party interested in the matter, and is here represented and heard as fully as though the trial court was made a party respondent.

The motion for an order permitting the appellant to file her statement of facts in the case, and to have the same certified, is therefore granted; and the clerk of this court is instructed to return the statement of facts to the superior court for proper certification.

CHADWICK, C. J., MITCHELL, MAIN, and HOLCOMB, JJ., concur.