[No. 15272.    Department Two.    August 8, 1919.]

HEDWIG SWANSON, *Respondent,* v. O. A. STUBB *et al.,*
*Appellants.*[1]

APPEAL (289)—RECORD—STATEMENT OF FACTS—SERVICE OF COPY— NECESSITY. Under Rem. Code, §§ 389, 393, the failure to serve a statement of facts until after the expiration of the time limited is fatal to its consideration.

SAME (289). Under Rem. Code, § 1730-8, an appellant failing to serve a statement of facts within the time limited, must apply to the supreme court for leave to supply the same, upon a showing that such failure was excusable.

LANDLORD AND TENANT (147)—UNLAWFUL DETAINER—DOUBLE DAM- AGES. In an action of unlawful detainer of leased premises, judg- ment upon verdict for the plaintiff should be for double damages, regardless of whether or not the verdict was founded upon nonpay- ment of rent.

Appeal from a judgment of the superior court for King county, Allen, J., entered November 20, 1918, upon the verdict of a jury rendered in favor of the plaintiff, in an action for unlawful detainer. Affirmed.

*Flick & Paul,* for appellants.

*Leopold M. Stern,* for respondent.

FULLERTON, J.—This is an appeal from a judgment in an action for unlawful detainer, founded on the ver- dict of a jury finding in favor of the plaintiff and assessing her damages in the sum of $300. The judg- ment was for twice the amount found to be due by the jury.

[1]Reported in 183 Pac. 91.

The respondent moved to strike the statement of facts for the reasons, (1) that the proposed statement was not served upon the respondent; (2) that no written notice of the filing of the proposed statement was served on the respondent; and (3) that the statement of facts was settled and certified by the trial judge in the absence of the respondent, without previous notice of the filing thereof, and without previous notice of the application to settle and certify the statement, and after the appellants' brief and abstract of record on appeal had been served.

The facts upon which the motion is based are, in substance, these: Judgment in the cause was entered on November 20, 1918. The notice of appeal was served and the bond on appeal was filed December 7, 1918. On January 17, 1919, the appellants applied for and obtained an extension of time in which to file and serve a statement of facts, the time being extended to January 28, 1919. The statement of facts was filed on January 27, 1919. No service of the statement was made upon the respondent, nor was she served with notice of the filing thereof. On March 25, 1919, and without notice to the respondent, the statement was certified by the trial judge. On the next day, a copy of the statement was left at the office of the respondent's attorney, and two days later the original statement was filed in this court.

On March 28, 1919, the respondent moved in this court to strike the statement of facts and dismiss the appeal. On the application of the appellants to supplement the record, the motion was denied with leave to respondent to renew it at the hearing on the merits. After the denial of the motion, the appellants served upon the respondent a notice to the effect that they would apply to the trial court on a day named for a "re-certification and re-settlement" of the statement

of facts, at which time the respondent would be at liberty to present any amendments thereto that she might desire. The court at the hearing refused to make a further certificate, deeming itself without power unless directed so to do by this court. At the hearing upon the merits, the respondent renewed her motion to strike the statement.

As the statute relating to the filing and service of proposed statements of fact (Rem. Code, §§ 389, 393) stood prior to the amendatory statute of 1915 (Id., § 1730-8) unquestionably the motion is well taken. That statute required that the proposed statement must be filed with the clerk and served on the adverse party within thirty days after the time begins to run in which an appeal may be taken, with the proviso that the time of filing and service might be extended before or after its expiration by the trial court on stipulation of the parties, or for good cause shown, but not for more than sixty days additional in all. Here, as will appear from the dates before given, the statement was filed within the additional period allowed by the statute, but was not served on the respondent, who in this instance is the adverse party, until long after the expiration of such period. This, as we have repeatedly held, is fatal to its consideration.

The remaining question is whether the omission has been cured in virtue of the amendatory statute by the subsequent proceedings. That statute reads as follows:

"Sec. 1730-8.—In case of a failure of the appellant to serve an abstract of record and statement of facts, or the one served is insufficient, the supreme court shall, if such failure is found to be excusable, allow the appellant a reasonable time, upon such terms as the court may impose, in which to supply such abstract of record and statement of facts."

It is plain, we think, that before relief can be had under this statute from a failure to comply with the original statutes, the delinquent appellant must make an application to this court for leave to supply the record, accompanying his application with a showing of excuse, and obtain an order from this court granting him leave so to do, which order may be made with or without terms. The appellant cannot, after time and without leave of this court, supply the record, and then claim relief under the statute. Such a procedure would in this instance deny the respondent the benefit of the statute; she would be denied the right to question the sufficiency of the excuse offered, or the benefit of terms, could she show that she was entitled to terms. There was here no compliance or pretense of compliance with these conditions. There was neither an application to this court for leave to supply the defects in the record, nor was there an order of this court granting leave so to do. It follows that the statement of facts must be stricken.

The errors assigned with one exception are based upon matters shown in the statement of facts. Since we conclude that the statement is not before us, these, of course, cannot be considered. The exception noted is the contention that the court erred in entering judgment for twice the amount of the damages returned by the jury. It is argued that the statute (Rem. Code, § 827) permits such doubling only in cases where the verdict of the jury is founded on nonpayment of rent. But the question does not require discussion. It was met and determined by this court contrary to this contention in the case of *Hinckley v. Casey,* 45 Wash. 430, 88 Pac. 753.

The judgment is affirmed.

HOLCOMB, C. J., PARKER, and MOUNT, JJ., concur.