[No. 20275.   Department One.   November 23, 1926.]

## MAY TAYLOR, *Appellant*, v. HARRY D. TAYLOR, *Respondent*.[1]

[1] APPEAL (288)—STATEMENT OF FACTS—EXTENSION OF TIME FOR FILING—REASONABLE EXCUSE.  Where a proposed statement of facts was served and presented within ninety days, there appears a reasonable excuse for failure to file it within thirty days, entitling appellant to an order of the supreme court that it be certified under Rem. Comp. Stat., § 393, where the court reporter made affidavit that he was early directed to prepare a transcript but owing to his duties in other matters, wherein delay was impossible, he was unable to complete the transcript earlier.

Motion filed in the supreme court October 2, 1926, for an order permitting the filing of a statement of facts, and to have the same certified.  Granted.

*Chas. W. Johnson*, for appellant.
*Smith & Matthews*, for respondent.

MAIN, J.—This is an application to this court for permission to present to the trial court a proposed statement of facts, and, if found correct, to have the same certified.

The plaintiff brought an action for separate maintenance against her husband.  The defendant responded by answer and cross-complaint in which he sought a decree of divorce.  The trial resulted in findings of fact and conclusions of law sustaining the allegations of the cross-complaint.  From the interlocutory decree entered, the plaintiff appeals.

The facts material to be stated are these:  The interlocutory decree was entered on April 16, 1926.  On May 4 thereafter, the appellant gave notice of appeal.  On July 1, seventy-six days after the entry of the decree, a proposed statement was served and filed.  On

¹Reported in 250 Pac. 647.

July 12, eighty-seven days after the filing of the decree, a motion was made for an extension of time within which to file the statement of facts, and was brought on for hearing on July 19, and denied apparently for the reason that the trial court then lacked power to enter an order extending the time, more than ninety days having elapsed since the entry of the interlocutory decree. The court reporter, who took the testimony upon the trial, makes affidavit in support of the present application to the effect that, in May, 1926, he was directed by the attorney for the appellant to prepare a transcript of the testimony, and that he proceeded

". . . to prepare said statement of facts as soon as convenient and possible, but, owing to the fact that he is the reporter in charge of the reporting of criminal cases and transcribing testimony therein, he had other matters wherein delay was impossible, and such other matters requiring his attention made it impossible for him to complete the transcript of the testimony in said cause until July 1, 1926, . . ."

The question is, whether a reasonable excuse has been shown for failure to serve and file the proposed statement of facts within thirty days. Rem. Comp. Stat., § 393, [P. C. § 7821] provides that such a statement must be filed and served either before or within thirty days after the time begins to run in which an appeal may be taken, and provides that the time therein prescribed may be enlarged, but for not more than sixty days additional, making the extreme limit a total of ninety days. That section has been the law since 1893 and covers the matter where application for extension of time is made to the superior court. At the legislative session for 1915, an act was passed (Rem. Comp. Stat., §1730-6 [P. C. § 7312]), which provides:

"In case the appellant serves an abstract of record and statement of facts within the time limited by this act, and it is found that the same is insufficient and de-

fective under the terms of this act or the rules of the supreme court, the appeal shall· not be dismissed by reason thereof, but the appellant may be allowed to file an amended or supplementary abstract as may be required by the facts of the case within such time and upon such terms as may be fixed by the order of the supreme court, and if the appellant fails to comply with the order of the court in regard thereto, then the appeal may be dismissed by reason and because of such failure to comply with the order of the supreme court in regard thereto.''

It is under that section that the application here is made. In *Codd v. Von Der Ahe,* 92 Wash. 529, 159 Pac. 686, it was held that section 1730-6 did not, either expressly or by implication, repeal section 393. In the cases of *State ex rel. Gold Creek A. M. & S.Co. v. Superior Court,* 89 Wash. 684, 155 Pac. 145, and *Howell v. Dunning,* 107 Wash. 369, 181 Pac. 697, it was held that, where a proposed statement of facts was· served and presented for filing within ninety days and a reasonable excuse was given for not filing the same within the thirty day period, this court, on application, would permit the statement of facts to be presented to the trial court for certification. In the present case, the proposed statement was served and filed within the ninety days. It would be too severe a holding to say that, under the facts as shown by the affidavit of the court reporter, a reasonable excuse had not been shown.

The case of *Crowley v. McDonough,* 30 Wash. 57, 70 Pac. 261, and other like cases, deal with the question when the application is made to the superior court for an extension of time, but that line of cases has no application when the request is made to this court, a sufficient excuse having been shown, for permission to have the proposed statement which has been served

and filed within the ninety days presented to the trial court for certification.

Let an order be entered authorizing the presentment of the proposed statement of facts in this case to the superior court and if found correct by that court, to have the same certified.

TOLMAN, C. J., MITCHELL, FULLERTON, and HOLCOMB, JJ., concur.