[No. 29981.   Department Two.   March 10, 1947.]

ELMER BENTON WHEELER *et al., Appellants,* v. S. BIRCH & SONS CONSTRUCTION COMPANY *et al., Respondents.*

ARTHUR A. McCALEB *et al., Appellants,* v. GUY F. ATKINSON COMPANY *et al., Respondents.*

WM. J. SCHILDT, *Appellant,* v. PUGET SOUND BRIDGE & DREDGING COMPANY *et al., Respondents.*

BERNHARDT H. TESKE, *Appellant,* v. GUY F. ATKINSON COMPANY *et al., Respondents.*[1]

[1]Reported in 178 P. (2d) 331.

*Geo. H. Crandell,* for appellants.

*J. Charles Dennis, John E. Belcher,* and *Allan Pomeroy,* for respondents.

ROBINSON, J.—The actions above listed were consolidated and came on for trial before a court and jury in the superior court of King county. After a long trial, in which the testimony on behalf of all parties was heard, the consolidated action was dismissed upon a challenge by all of the defendants to the sufficiency of the evidence to warrant a recovery. Motions for a new trial were duly made and were denied by an order entered on February 9, 1946.

The time for filing the statement of facts in this appeal, therefore, expired on May 11th. On May 14th, the appellants' counsel procured, by mail, an order extending the time for filing their briefs. The order, which he himself prepared, contained no recitals whatever as to the statement of facts. On July 15th, more than two months after the time for filing the statement had expired, he filed a proposed statement and, on the same day, addressed a letter to the clerk of this court, which, omitting its formal parts, read as follows:

"The Statement of Facts in the above entitled matter which required almost 1200 pages was not delivered to me until the 8th of July. I have just succeeded in finishing reading it and have filed it today.

"I note the extension of time requested was for the filing of the briefs. I am enclosing herewith a blank order extending the time for serving and filing the Statement of Facts to and including the 15th day of July, 1946, and I am enclosing also a motion together with an affidavit and certificate

of the reporter as to the date the record was delivered to me.

"Will you take the matter up with the Chief Justice and see if he will sign the order so that the appeal will be in good standing"?

The directory portion of the order enclosed for the signature of the chief justice read as follows:

"IT IS HEREBY ORDERED that the time for serving and filing of the Statement of Facts be and the same is hereby extended to and including the 15th day of July, 1946."

The clerk's reply to counsel's communication was as follows:

"Your Motion, Affidavit and form of Order Extending Time for filing and serving the Statement of Facts were received today and have been called to the attention of Judge Beals, the Chief Justice.

"Judge Beals directs me to say that he knows of no authority for him, as Chief Justice, to extend the time, as requested. He suggests that the Motion be noticed for the motion calendar of July 26, in order that the Court may pass upon the matter."

Counsel followed that suggestion, and the argument on the motion was heard by a Department of the court and denied, and, as is customary, without filing a detailed opinion.

On August 14th, a petition for rehearing of the motion was filed, signed by appellants' attorney, and, under the designation "Of Counsel," by no less than twenty-five Seattle attorneys. The petition was further approved and indorsed by fourteen other Seattle attorneys as *amici curiae*. This petition was submitted to all the members of the court, and, upon the order of the majority thereof, denied.

The appeal came on regularly for argument on January 16, 1947. The respondents had included a motion to strike the statement of facts in their brief. Appellants' counsel, however, having the opening argument, ignored that motion and argued the cause on its merits. The respondents, in reply, called attention to the motion, but, not knowing what disposition might be made of it, also argued the merits. In his reply to respondents' argument on their motion to strike

the statement of facts, appellants' counsel made the same argument, citing the same cases that he had formerly submitted in support of his motion for an order extending time to file the statement, and in the petition for a rehearing of that motion indorsed by the twenty-five attorneys of counsel and the fourteen friends of the court.

Strictly speaking, we should summarily grant the motion to strike the statement. To refuse to strike it would be tantamount to a Department of the court disregarding, and in effect reversing, the action of the full court in refusing to grant a rehearing of appellants' motion to extend the time for filing their statement of facts for a period of more than two months. But, in view of the fact that thirty-nine attorneys from the bar of a single locality, twenty-five as of counsel and fourteen as friends and advisers of the court, have represented to us that the appellants and their counsel were without fault and without remedy, and that, for that reason, the extension could have, and should have, been granted, it is manifest that a discussion of the whole matter is vitally required.

In the argument on this appeal, the appellants added nothing to what had already been stated in the petition for a rehearing of their motion for an extension of time. That petition, indorsed by the thirty-nine attorneys, will be used as a basis for our present discussion. It is but four and one-half pages in length, and we, of course, must presume that it was read by all who indorsed it, and particularly by those who did so as friends of the court. After stating that the judgment appealed from became final on February 9, 1946, the petition continues:

"That immediately thereafter your petitioners through their attorney ordered the transcript of the evidence (Statement of Fact) from the said reporter, Harry Martin, and made a substantial payment thereon, to-wit, $250.00. *That the attorney for the appellants daily urged the completion of said transcript and in order to prepare briefs had portions of the transcript delivered to him.* That the transcript of the evidence was not delivered until July 8, 1946. *That the official court reporter, Harry Martin, daily had promised the record to appellants from on or about the middle of April.*

That the delay was due to the fact that the said reporter had two long transcripts ordered before the appellants' order was given. That during the time between the entry of the final judgment in the above entitled matter and about the middle of June, 1946, the operators who typewrite from the dictated record of the case were on strike and that it was a physical impossibility for the official court reporter to complete the Statement of Fact before the 8th day of July, 1946. That the delay was not due to any fault on the part of the appellants or any one representing the appellants. *That the appellants and their attorney were absolutely powerless in the matter."* (Italics ours.)

It is further said, on p. 3 of the petition:

"There was absolutely no delay by reason of any fault on the part of the appellants. That the delay was due to the failure of the court machinery only."

That contention is more fully stated in the appellants' reply brief as follows:

"Neither the appellants nor appellants' counsel were responsible. The failure was due to the breakdown in the court machinery and appellants should not be penalized for failure of the court to function. *Under the laws of the State of Washington the court reporter is no longer selected by the litigant but is an officer of the court, appointed by the court, and responsible to the court and the court alone."* (Italics ours.)

■ We have emphasized the concluding sentence of the above quotation. We are in complete accord with it. The court reporters, of whom the superior court of King county is allowed twelve by chapter 154, Laws of 1945, p. 444 (Rem. Supp. 1945, § 42-1), are undoubtedly responsible to the court, that is, to the superior court of King county. The act reads, in part, as follows:

" . . . the appointments in Class A counties and counties of the first class may be made by each individual judge therein or by the judges in said county acting *en banc.* Each official reporter so appointed shall hold office during the term of office of the judge appointing him, but may be removed for incompetency, misconduct or neglect of duty, and before entering upon the discharge of his duties shall take an oath to perform faithfully the duties of his office, and

file a bond in the sum of two thousand dollars ($2,000) for the faithful discharge of his duties."

If appellants' counsel had taken advantage of the court machinery and shown, by petition or otherwise, to the superior court of King county that he had ordered the statement of facts in this case "immediately" after February 9th "and made a substantial payment thereon, to-wit, $250.00," and "daily urged the completion of said transcript," and that the court reporter had daily "promised the record to appellants from on or about the middle of April," and that those promises had not been fulfilled, and appellants' time to file would expire on May 11th, we have no doubt but that the superior court of King county, with its large reportorial staff, would in some way or other have seen to it that he got his statement of facts in time.

The appellants and their attorney could have invoked the machinery of that court which lay ready at hand. In fact, that was their only available remedy. Instead of so doing, they did nothing at all until more than two months after their time to file the statement had expired. On July 15th, counsel filed the statement, then more than two months overdue, and mailed a self-prepared order to this court for the signature of the chief justice, extending the filing time to July 15th. Since, in ruling upon the motion for an extension of time and the petition for a rehearing thereof, we treated the question as to whether or not the appellants and their attorney had a good excuse for not filing their petition until one hundred fifty-six days after the judgment became final as wholly immaterial, we will not press this point further. During the remainder of this opinion we will assume, *arguendo*, that their excuse was perfect.

It was contended in the petition for rehearing that the appellants were legally entitled to the extension, on the authority of three cases therein cited: *Howell v. Dunning,* 107 Wash. 369, 181 Pac. 697, decided in 1919; *Swanson v. Stubb,* 108 Wash. 170, 183 Pac. 91, also decided in 1919, and *Taylor v. Taylor,* 141 Wash. 107, 250 Pac. 647, decided in 1926.

The petition for rehearing was but four and one-half pages in length. It is difficult to understand why the four-line quotation, so prominently made on the page preceding their signatures, did not flag the attention of at least one or two of the attorneys who indorsed it, particularly those who voluntarily assumed the responsibility of acting as friends of the court. This quotation from *Howell v. Dunning, supra,* read as follows:

"We think it is evident that the appellant's counsel had a good excuse for not filing the statement of facts within the thirty days, as he was in quarantine and not permitted to leave his house."

That language showed on its face that it was quoted from an opinion dealing with some system of procedure long since extinct. The slightest investigation of the three opinions on which the petition for rehearing was based would have shown that, at the time they were handed down, the statutes required a statement of facts to be filed within "thirty days" (not ninety), but provided that, for good cause shown, the time could be extended for sixty additional days. Such an investigation would have shown another thing, even more to the point, to wit, that, *even if the procedural statutes, in force when those three cases were decided, were still in full force and effect, this court would have had no jurisdiction to grant the extension which the appellants sought.* In fact, a mere reading of the headnote to one of the very cases cited in support of the petition for rehearing (*Taylor v. Taylor*) would have uncovered that.

An investigation of all of the three cases upon which the petition was based would have disclosed that each and every one of them was decided under the system of procedure originally set up by chapter 60, Laws of 1893, p. 116, § 13, as amended, in some particulars, in 1915. (For the effect of the 1915 amendment on the question under discussion, see the text of *Taylor v. Taylor, supra.*) We quote from an opinion pronounced by this court more than fifty years ago in *Loos v. Rondema,* 10 Wash. 164, 38 Pac. 1012.

"DUNBAR, C. J.—The respondent moves to strike the statement of facts in this case because it was not served within

ninety days from the day of the rendition of the judgment. Final judgment was entered on the 9th day of March, 1894, and the time for appeal commenced to run on that date. The statement of facts was filed and served on the 8th day of June, 1894. There were twenty-two days in March, exclusive of the day of entry of the judgment, thirty days in April, thirty-one days in May and eight in June, ninety-one days in all. Sec. 13 of Ch. 60, of the laws of 1893, p. 116, provides that:

" 'A proposed bill of exceptions or statement of facts must be filed and served either before or within thirty days after the time begins to run within which an appeal may be taken from the final judgment in the cause, . . . Provided, that the time herein prescribed may be enlarged either before or after its expiration, once or more, *but not for more than sixty days additional in all,* by stipulation of the parties, or for good cause shown and on such terms as may be just, by an order of the court or judge wherein or before whom the cause is pending or was tried, made on notice to the adverse party.' (Italics ours.)

"It will be seen in this case that the conditions prescribed by the statute were not complied with, and that the time was extended beyond the ninety days, or rather beyond the sixty days additional provided for.

"It is claimed by the appellant that inasmuch as the respondent did not raise this point below, he is precluded from raising it here; citing several cases from this court to sustain his contention. The cases cited, however, do not go to questions of jurisdiction, and this court has so often held that it will take notice of a jurisdictional question at any time that it is hardly worth while to discuss that question again here.

". . . A party only has a right of appeal by reason of the provisions of the statute, and when the statute which gives the right says, in plain words which are not susceptible of construction, that the party who desires an appeal must file his statement within a certain prescribed time, it would seem that argument was not admissible, and that there was nothing to do but to enforce the plain, mandatory provisions of the law. The motion will therefore be sustained."

We further quote from *American Fuel Co. v. Benton,* 98 Wash. 26, 32, 167 Pac. 346:

"Section 8, page 303, Laws 1915 (Rem. Code, § 1730-8), does not have the effect of permitting this court to acquire jurisdiction where jurisdiction has been lost. It only permits

this court to relieve from dilatoriness where a reasonable excuse therefor is shown, and upon terms. *Where the statutory period for perfecting an appeal has expired, this court, as an appellate court, cannot extend such time and revive appellate jurisdiction. Loos v. Rondema,* 10 Wash. 164, 38 Pac. 1012; *State v. Seaton,* 26 Wash. 305, 66 Pac. 397; *Crowley v. McDonough,* 30 Wash. 57, 70 Pac. 261.

"It is true the above cases were decided prior to the passage of the act of 1915. But that act neither repeals the former law nor by implication extends the time for the serving and filing of a proposed statement of facts beyond the final period of ninety days." (Italics ours.)

We quote also from *Huston v. Murrell,* 142 Wash. 404, 405, 253 Pac. 451, which appears to be the last of the cases on this point decided under the procedure provided for by the statute of 1893:

"It appears that the statement of facts was not filed within the thirty days, that no stipulation for extension was signed, and that the motion for the extension was made and passed upon after ninety days had expired. . . . *In the present case, as above stated, the statement of facts was not filed within thirty days, the motion for extension was not made until after the expiration of the additional sixty days, and the order of the court was entered thereafter. In Crowley v. McDonough, 30 Wash. 57, 70 Pac. 261, it was held that an application for an extension of time within which to file a statement of facts must not only be filed but acted upon by the court within the sixty days next following the thirty days after the right of appeal accrues.*" (Italics ours.)

The motion to strike was granted. See, also, the text of *Taylor v. Taylor, supra,* one of the three cases upon which the petition for rehearing was based.

The statutory procedure in force when the cases upon which the petition for rehearing was based were decided, has long since been completely abrogated; and the decisions upon which the appellants, their attorney, the twenty-five attorneys "Of Counsel," and the fourteen friends of the court relied as supporting the petition for rehearing, were in no way apposite. We are here concerned with a very different procedural system. The extraordinary session of the 1925 legislature passed an act empowering the supreme

court to prescribe comprehensive rules governing the pleading, practice, and procedure. Laws of 1925, Ex. Ses., chapter 118, p. 187, § 1, Rem. Rev. Stat., § 13-1 [P.P.C. § 110-53]. Section 2 of that act reads as follows:

"When and as the rules of courts herein authorized shall be promulgated all laws in conflict therewith shall be and become of no further force or effect."

The statutory provisions that statements of fact should be filed within thirty days, provided, however, that the same might be extended for sixty additional days, for good cause shown, were superseded by a rule, so authorized, promulgated twenty years ago and which in its present form reads as follows:

"(1) A proposed bill of exceptions or statement of facts must be served and filed in the office of the clerk of the superior court within ninety days after the date of entry of the final judgment, or appealable order, for the purpose of appealing from which the bill or statement is proposed." Rule 9, Rules of Supreme Court, 18 Wn. (2d) 9-a.

More than ten years ago, all of the then judges of this court concurred in an *En Banc* opinion holding:

"The filing of the statement of facts within ninety days from the entry of the judgment or order from which an appeal is taken is jurisdictional." *Tremblay v. Nichols,* 187 Wash. 109, 59 P. (2d) 1123.

This was by no means the first holding to that effect. It has been followed by a long series of such decisions. We think it sufficient to quote from the last of the series, filed only a few weeks ago. In *State ex rel. Grange Store v. Riddell, ante* p. 134, 177 P. (2d) 78, decided February 11, 1947, the court, after quoting the rule governing the matter, said, in part:

"The filing of a statement of facts within the ninety-day period, as required by the foregoing rule, is jurisdictional. *Pattison v. Walker,* 2 Wn. (2d) 62, 97 P. (2d) 160, 100 P. (2d) 20; *McKasson v. Huntworth,* 5 Wn. (2d) 661, 105 P. (2d) 44; *Nash v. Nash,* 23 Wn. (2d) 448, 161 P. (2d) 326. Cf. *State v. Brown,* 126 Wash. Dec. 808, 176 P. (2d) 293.

"Another rule, similar in effect and equally well settled in this jurisdiction, is that, if a statement of facts be filed

after the time permitted by Rule 9 (1), the statement will be stricken, whether or not the opposing side moves to that end. *Pattison v. Walker, supra; McKasson v. Huntworth, supra; Martell v. Raymond,* 11 Wn. (2d) 165, 118 P. (2d) 950; *Lilly Co. v. Parrino,* 18 Wn. (2d) 128, 138 P. (2d) 206; *Falk v. Rose,* 18 Wn. (2d) 333, 139 P. (2d) 634."

At the close of the first paragraph of the above quotation, the writer of the opinion from which it is taken, inserted, before the name of the last case cited (*State v. Brown,* decided January 3, 1947), the abbreviation "Cf.," indicating that that case does not appear to be in strict accord with those cited immediately preceding it. In that case, two negroes, named Brown and Smith, were convicted of murder in the first degree and sentenced to be hung by the neck until dead. They desired to appeal, but had no funds with which to do so. The trial judge ordered the clerk to furnish the appeal record at the expense of the county. This court held (two judges dissenting) that it would entertain their appeal, although their joint statement of facts, due not later than February 27, 1946, was not filed until two days thereafter. The opinion, however, contains an emphatic admonition that the general rule will only be relaxed in cases in which the death penalty has been imposed. This, of course, is not such a case.

█ The motion of the respondents to strike the statement of facts must be granted.

█ The appellants in this case have made the following assignments of error:

"1. The court erred in dismissing D. L. Cheney and the community represented by D. L. Cheney and Iris Cheney, his wife.

"2. The court erred in dismissing H. W. McCurdy and the community represented by H. W. McCurdy and Sarah C. McCurdy, his wife.

"3. The court erred in dismissing the action of Elmer Benton Wheeler, et al. v. S. Birch & Sons Construction Co. and Morrison-Knudsen Company, Inc., at the conclusion of all of the evidence.

"4. The court erred in dismissing the action of Arthur McCaleb et al. v. Guy F. Atkinson Company at the conclusion of the evidence.

"5. The court erred in dismissing the action of Wm. J. Schildt v. Puget Sound Bridge & Dredging Company and Macco Construction Company at the conclusion of all of the evidence.

"6. The court erred in dismissing the action of Bernhardt H. Teske v. Guy F. Atkinson Company at the conclusion of all of the evidence.

"7. The court erred in refusing to submit the issues of fact for the determination of the judgment and the amount thereof to the jury."

It is apparent that none of these assignments can be considered in the absence of a statement of facts.

The judgments of the trial court are affirmed.

MALLERY, C. J., STEINERT, JEFFERS, and HILL, JJ., concur.

[1]Reported in 178 P. (2d) 341.