[No. 32301. Department One. November 28, 1952.]

LYLE S. JORDAN, *Appellant*, v. INA DIRAE *et al.*,
*Respondents.*[1]

*Heideman, Flanagan & Duncan*, for appellant.

*Hugh B. Horton*, for respondents.

PER CURIAM.—This matter comes before us on appellant's motion for an extension of thirty days for filing his proposed statement of facts from the expiration of the ninety-day period after the entry of the final judgment. The action arose in Benton county.

In order to understand the problem we set out the following facts as found in the record:

*May 29, 1952.* Judgment entered.

*September 25, 1952.* Statement of facts filed.

*August 15, 1952.* Letter from attorney for appellant (in Seattle) to Harry Cochran, sheriff of Benton county, enclosing original and copy of statement of facts, directing sheriff to serve on attorney for respondent, leaving copy with him, and to file original in county clerk's office by August 20, 1952, and not later than August 27, 1952.

*August 25, 1952.* Letter from attorney for appellant to sheriff, acknowledging receipt of affidavit of service on attorney for respondent, and asking date of filing in clerk's office, and again reminding him of the deadline of August 27th. On the bottom of the letter is written the following:

[1]Reported in 250 P. (2d) 523.

"Sirs:

"The above papers filed with the Clerk of Court on August 19th, 1952

"Harry B. Cochran, Sheriff
Benton County, Washington
By [signed] E. Powers
Deputy"

*October 24, 1952.* Affidavit of attorney for appellant stating above facts, also stating that he went to Benton county September 25, 1952, to have the statement of facts certified; that he then learned for the first time that either the sheriff had failed to file the statement, or that it had been lost in the clerk's office; that he immediately filed an additional copy of the statement; that he was unable to determine whether the statement had been filed and lost in clerk's office, or mislaid in the sheriff's office, or whether both original and copy were left with respondent's attorney.

*October 23, 1952.* Affidavit of Bess Royer, chief deputy clerk of Benton county, that statement of facts was not filed in clerk's office within ninety days of entry of judgment, nor that during said ninety days was an application filed requesting or granting an extension of time in which to file the statement.

Rule on Appeal 34(1), 34A Wn. (2d) 36, provides:

"(1) A proposed statement of facts must be served on one of the adverse parties and filed in the office of the clerk of the superior court in which the case was tried within ninety days after the date of entry of the final judgment, or appealable order, for the purpose of appealing from which the statement is proposed and notice of the filing thereof shall also be served on all other adverse parties: *Provided,* That the superior court or the Chief Justice of the supreme court may extend the time not to exceed thirty days for the filing of the proposed statement of facts if good cause be shown *and the application for extension of time be made within the ninety-day period.* The application may be made after giving notice to opposing counsel." (Italics ours.)

The motion should be denied for two reasons: First, because the statement of facts was not filed within the

ninety-day period and no legal ground was shown for the delay. We are unable to find any law which makes it the duty of the sheriff to file a statement of facts in the clerk's office. The affidavit of the chief deputy clerk that the statement was not filed within the ninety-day period is much more persuasive than a notation on the bottom of a letter from the attorney for appellant, and signed by a deputy sheriff, that the papers were filed with the clerk August 19, 1952. Furthermore, it appears affirmatively from the record that the statement of facts was filed September 25, 1952. Second, the application for extension of time within which to file the statement was not made within the ninety-day period after date of entry of judgment, as provided in Rule 34(1).

The motion is denied.