[Nos. 32559, 32558.   *En Banc.*   July 23, 1954.]

FRED D. PAIGE, *as Administrator, Appellant,* v. DENO A. IUS *et al., Respondents.*

KATHRYN A. PAIGE, *Appellant,* v. DENO A. IUS *et al., Respondents.*[1]

*Everal Carson,* for appellants.

*Virgil Scheiber,* for respondents.

PER CURIAM.—In these two actions, which were consolidated for purposes of trial and appeal, judgments were entered for plaintiffs. They appeal, and assign as the only error the denial of their motions for a new trial. It is their contention that the damages awarded were so inadequate

[1]Reported in 273 P. (2d) 492.

as unmistakably to indicate that the verdicts must have been the result of passion or prejudice.

In each case, an order denying the motion for a new trial was entered on March 18, 1953, and final judgment was entered on March 19, 1953. Under Rule on Appeal 34(1), 34A Wn. (2d) 36, it was therefore necessary that the proposed statement of facts be served and filed in the office of the clerk of the superior court on or before June 17, 1953 (ninetieth day after entry of final judgment), unless the time was extended (for not to exceed thirty days) by order of the superior court or the chief justice of this court, on application made within the ninety-day period.

The proposed statement of facts was not filed in the office of the clerk of the superior court until July 28, 1953. This was one hundred thirty-one days after entry of the final judgment, and forty-one days after expiration of the ninety-day period. No application was made to the superior court or to the chief justice of this court, within the ninety-day period, for an order extending the time of filing the proposed statement of facts. Nor was any court order entered extending such time from June 17, 1953.

■ On June 11, 1953, which was within the ninety-day period, counsel for the respective parties entered into a written stipulation in each case, to the effect that appellants would have until July 17, 1953, in which to file a statement of facts "in the supreme court of the state of Washington." This was ineffective, since the rules on appeal do not provide that parties to the litigation may, by stipulation, extend the time for filing a proposed statement of facts. *Pattison v. Walker*, 2 Wn. (2d) 62, 97 P. (2d) 160, 100 P. (2d) 20.

On or before July 16, 1953, opposing counsel entered into an undated written stipulation, to the effect that appellant would have until August 17, 1953, within which to serve and file the statement of facts. This stipulation was filed in this court on July 16, 1953. On that date, there was presented to the chief justice a form of order purporting to grant appellant thirty days additional time (to August 16, 1953) within which to file the statement of facts. This

form of order makes reference to the stipulation which was filed on July 16, 1953, and recites that the court reporter "cannot have the statement of facts ready in time for filing by July 17, 1953."

This order was signed by the chief justice on the date submitted, upon the assumption that the ninety-day period had not yet expired.

■ The order of July 16, 1953, is without legal effect, because: (1) It was not based upon an application filed within the ninety-day period, as required by Rule 34(1); and (2) its effect was to extend the time of filing for more than thirty days beyond the ninety-day period. Where the time for filing the statement of facts has expired, this court cannot extend such time and revive appellate jurisdiction. *Wheeler v. S. Birch & Sons Constr. Co.,* 27 Wn. (2d) 325, 178 P. (2d) 331; *Jordan v. DiRae,* 41 Wn. (2d) 570, 250 P. (2d) 523.

■ It is therefore necessary to strike the statement of facts. Since the only assignment of error requires an examination of the evidence, which is not before us, the judgment must be affirmed. *Wheeler v. S. Birch & Sons Constr. Co., supra.*

It is so ordered.