William N. Rae, Appellant, *v.* William N. Beach et al., Respondents.

An action cannot be maintained upon an undertaking, given under section 348 of the Old Code, upon appeal to the General Term, without proof of service upon respondent, ten days before the commencement of the action, of a written notice of the entry of the order or judgment affirming the judgment appealed from.

In an action upon such an undertaking the only paper claimed to have been served was what purported to be a copy of an order made at General Term, April 28, 1875, marked as received by respondent's attorney, April 29th. There was no notice indorsed, and no intimation in or upon the paper that the same had been entered. The judgment-roll, which was produced on trial, contained the original order; there was nothing thereon to indicate that it had been filed or entered, prior to the entry of the judgment, which was on May 15, 1875. *Held,* that the presumption, in the absence of proof, was that the order was neither filed nor entered until the judgment-roll was filed and docketed, and that, therefore, the facts failed to show service of the required notice; and that the omission was not a mere irregularity, but a vital defect, fatal to a recovery; also, that defendants did not waive service of notice by not pleading the failure to serve; also, that they did not waive this defense by basing their refusal to pay, when called upon, on other grounds.

Also, *held,* that an admission, upon the part of the appellant in the original action, without the knowledge or assent of the sureties, to the effect that he had received the notice required, could not affect the rights of the sureties.

As to whether the said section did not require a notice of the entry of judgment, where judgment was in fact obtained; and as to whether the reference to orders was intended to apply where a judgment not an order was appealed from, *quære.*

(Argued January 23, 1879; decided February 4, 1879.

Appeal from judgment of the General Term of the Court of Common Pleas, in and for the city and county of New York, affirming a judgment in favor of defendants, entered upon order dismissing plaintiff's complaint on trial.

This action was brought upon an undertaking given on appeal.

*Edwin T. Rice,* for appellant. The service of copy order of affirmance was a substantial compliance with the pro-

visions of section 348 of the Old Code. (*Chatham* v. *Lewis*, 2 J. R., 104; *Bk of Utica* v. *Kirby*, 7 Cow., 148 ; *Tyler* v. *Simmons*, 6 Paige, 127, 132.) The court erred in ruling out the evidence offered to prove proceedings by the defendant in the *City Court Case* subsequent to the entry of judgment of affirmance therein. (*Hill* v. *Burke*, 62 N. Y., 111; *Coleman* v. *Bean*, 32 How. Pr., 370; *People* v. *Albright*, 14 Abb. Pr. 305, 309; *Harrison* v. *Wilkins*, 69 N. Y., 412 ; *Smith* v. *Falconor*, 11 Hun, 481.) Service of the copy order was notice of the order entered. (*Rogers* v. *Rogers*, 2 Paige, 458, 464 ; *Fire Dept.* v. *Buffum*, 2 E. D. Smith, 511; Dwarris on Stat., 718; *Tonnele* v. *Hall*, 4 Comst., 140.) The failure to allege proper notice in the complaint was an objection which, if not taken by demurrer, could be obviated by proof showing proper notice. (*Lounsbury* v. *Purdy*, 18 N.Y., 515, 521; *Bates* v. *Graham*, 11 id., 237, 240; *Haddow* v. *Lundy*, 59 id., 320, 328; *Pratt* v. *H. R. R. Co.*, 21 id., 313; *White* v. *Spencer*, 14 id., 297; *Sinesen* v. *Cowan*, 56 Barb., 395.) The defendants cannot plead as a defense that Lewis Beach was not served with proper notice of entry of judgment, because when called upon to pay the amount due upon the undertaking; they based their refusal upon defenses that Lewis Beach claimed to have as principal. (*Taylor* v. *Spader*, 48 N. Y., 664; *Cannan* v. *Pultz*, 21 id., 547; *Gould* v. *Banks*, 8 Wend., 562; *Stoke* v. *Pecknagle*, 6 J. & S., 368.)

*Lewis Beach* and *B. F. Lee*, for respondents. Notice of entry of judgment or affirmance was essential, and should have been alleged in the complaint and proved. (Old Code, § 348; *Graham* v. *Scripture*, 26 How., 507; *Porter* v. *Kingsbury*, 5 Hun, 597; affirmed by Court of Appeals, 5 Weekly Dig., 161; *Valton* v. *Nat. Loan Soc.*, 19 How. Pr., 515.) There was no waiver of notice on the part of the defendants. (Old Code, § 148; *Selover* v. *Coe*, 63 N. Y., 442; *Wood* v. *Fisk*, 63 id., 250, 251; *Hatch* v. *Elkins*, 65 id., 496; *Rankin* v. *Pine*, 4 Abb., 309; *Valton* v. *Nat. Loan Soc.*, 19 How.,

515; *York* v. *Peck*, 17 id., 192; *Starrin* v. *Jones*, 13 How., 423.)

MILLER, J. In October, 1872, the plaintiff recovered a judgment against one Lewis Beach, in the Brooklyn City Court. The defendants appealed from this judgment to the General Term, having previously caused the undertaking upon which this action is brought to be executed and filed in the office of the clerk of the city court, and the judgment of the trial court was there affirmed, upon the appeal. The complaint alleges that, by the judgment of the General Term, the judgment appealed from was, by order, entered April 28, 1875, in all things affirmed, and that a copy of the order of affirmance was served on the appellant, on April 29, 1875; but there is no averment that any notice of the judgment was served within ten days prior to the commencement of the action, as required by section 348 of the Old Code of Procedure. This action was brought upon the undertaking, in the month of July, 1876.

The most important question upon this appeal is whether the action can be maintained, without service, before the commencement of the same, of a written notice of the entry of the order or of the judgment affirming the judgment appealed from, under § 348 of the Code. Upon the trial, the evidence showed that the judgment was entered on the 15th day of May, 1875. No notice of the entry of the judgment was ever served; and the only proof of service was a paper produced by the defendant, in the former action, pursuant to notice, which was marked as received by his attorneys, on the 29th of April, 1875, which purported to be a copy of an order made at General Term, on the 28th of April, 1875, by which the judgment entered in the case was affirmed, with costs. There was no evidence of the approval of a judge or clerk of the original order. On the back of the order thus served was indorsed the title of the case and the words "copy order affirming judgment," and it was directed to the attorneys of the appellant in that

action; and the name of the respondent's attorney was also on the paper. There was nothing in the paper described which contained any intimation that the order had been entered with the clerk; and the judgment-roll, which is produced upon the trial, contains the original order, with the initials of the judge and clerk, and does not purport to have been filed at any time prior to the entry of the judgment; but it appears that the judgment was entered on the 15th of May, 1875, which was some time after the service of the alleged copy order upon the defendant's attorney, in the action then pending. The evidence does not show that the order was entered on the 28th of April, or prior to the entry of the judgment. Nor does the extract from the rough minutes of the General Term, bearing date April 28, 1875, to the effect that the judgment was affirmed, furnish any evidence of the entry of the order, or judgment of affirmance. It merely shows that the court had decided the case; and it remained for the prevailing party to prepare the order and enter up the judgment, at such time as he should desire. The presumption is, in the absence of proof, and without any notice to that effect, that the order was neither filed nor entered until the judgment-roll containing the same was filed and the judgment was docketed. And the service of the copy order alone, as the case stands, could not be notice of its entry, even if the notice might, under some circumstances, be dispensed with.

The facts referred to fail to establish a service of the notice required; and until this is done, no recovery can be had. The omission, in this respect, was not a mere irregularity which might be corrected, but a neglect to comply with the requirement of a statutory enactment, which was vital and absolutely essential, as a matter of substance preliminary to an action upon the undertaking. The service of a notice, in conformity with the provision of the Code cited, was a condition precedent, and must be alleged and proven, in order to maintain the action; and until this is done, no cause of action had accrued. This doctrine was distinctly held

by this court in *Porter* v. *Kingsbury*, 71 N. Y., 588. The service of a copy of the order, therefore, was not sufficient for any purpose, and does not show even a partial compliance with the law.

Section 348 of the Code relates to the service of a notice "of the entry of the order or judgment affirming the judgment." While there are strong reasons in favor of the position that this enactment was intended to provide for a notice of the entry of the judgment, where a judgment was actually obtained, we think it is not very material whether the notice required related to an order or a judgment, as no notice whatever was given of either of these, in the case at bar. It is not important, therefore, to determine whether the section last cited was designed to include orders appealed from which are embraced in section 349. Nor is there any valid ground for claiming that any of the letters of the defendant, in the original action, introduced in evidence upon the trial, proved that he had received the notice required by the statute. No act of the defendant, in that action, could affect the rights of the sureties, without their knowledge or assent to the same. (*Wood* v. *Fisk*, 63 N. Y., 250, 251.)

The letter of Brainard & Rice, the plaintiff's attorneys, of November 22, 1875, to the defendants in this action, was also insufficient, as it did not contain the notice required by section 348. It gave no notice of the entry of the judgment, and does not state the clerk's office in which the judgment was entered. These were fatal defects. (*Valton* v. *The N. L. F. L. A. S.*, 19 How., 515 ) The sending of the letter from Brainard & Rice to the defendant Harteau is not the service required by the Code (§§ 408, 409); and the statement made in Harteau's letter of November 30, 1875, that he had handed to Lewis Beach the letter to him, is not evidence nor sufficient proof of service of notice on Lewis Beach, even if the notice contained all that was required by law.

There is no ground for holding that the defendants were liable as principals, or by reason of any indemnity held by

Lewis Beach. The proof on this subject is not clear. But, aside from this, it is enough to say, that the action is brought against them as sureties ; and, in such a case, as the pleadings stand, the plaintiff can only recover on that ground. The defendants did not waive service of notice, by not pleading in their answers that it was not served. (*Selover* v. *Coe,* 63 N. Y., 438, 443.) Although they might have demurred to the complaint, their rights were not affected by interposing an 'answer. The contract of suretyship is one of the strictest character, and to be so construed. The principal is not an agent, who can bind the surety. (*Hatch* v. *Elkins,* 65 N. Y., 496.)

There is no merit in the point taken, that the defendants have waived their defense because, when called upon, they based their refusal to pay upon other grounds than those taken on the trial. We think that there is no rule of law which sustains such a doctrine, in an action against sureties in an undertaking. If it could be invoked in any such case, the sureties would not be bound to interpose an objection, of which they had no knowledge at the time ; and the party seeking to enforce such a rule should, at least, show knowledge of the defendant, in order to make it available. There was no error in the ruling of the court, as to the evidence offered by the plaintiff upon the trial, nor in the dismissal of the complaint.

After a careful consideration of all the questions presented, we think that no error is manifest, and that the judgment was right, and should be affirmed.

All concur.

Judgment affirmed.