EDWARD EVANS et al., Respondents, *v.* CONRAD BACKER et al., Appellants.

The omission to indorse upon a paper served the post-office address or place of business of the attorney, as required by the General Rule of Practice (No. 2), is a mere irregularity and does not necessarily vitiate either the paper or its service.

*It seems* the omission entitles the party served either to return the paper or move to set it aside, but after receiving it without objection he may not safely disregard it.

As a general rule it is the office of the Supreme Court to administer its own regulations, and in its discretion to impose such penalties as may have been incurred by attorneys through neglect to comply with those regulations or to relieve therefrom.

In an action upon an undertaking given upon appeal, the defense was that no written notice of the entry of the order or judgment affirming the-

judgment appealed from was served ten days prior to the commencement of the action, as required by the Code of Civil Procedure (§ 1309); a notice was served, subscribed, and indorsed by the attorney, but the indorsement did not state his post-office address or place of business. The appellant's attorney received and retained the notice and admitted service thereof. *Held*, that a decision of the General Term to the effect that the acceptance and retention of the notice was a waiver of the irregularity was justified and was not reviewable here.

*Kelly* v. *Sheehan* (76 N. Y. 325), *Kilmer* v. *Hathorn* (78 id. 228), *Rae* v. *Beach* (76 id. 164), distinguished.

(Submitted December 18, 1885 ; decided January 19, 1886.)

APPEAL from order of the General Term of the Supreme Court, in the fifth judicial department, made April 14, 1883, which reversed a judgment in favor of defendants, entered upon a decision of the court on trial without a jury, and which granted a new trial.

This action was upon an undertaking given on appeal.

The defense was that no written notice of the entry of the order, or judgment affirming the judgment appealed from, was served upon the appellants' attorney ten days before the commencement of this action as required by section 1309 of the Code of Civil Procedure. It appeared that written notice of the entry of the judgment of affirmance, signed by the respondents' attorney, and indorsed with his name, but without stating his post-office address or place of business, was served, which was received and retained by appellants' attorney, who gave a written admission of service. The trial court held that this was not a legal notice, and dismissed the complaint.

*E. C. Sprague* for appellants. The complaint was properly dismissed, the written notice of entry of judgment of affirmance required by law not having been served. (Code of Civ. Pro., §§ 1309, 1325, 1351; rule 2, Sup. Ct.; *Roe* v. *Beach*, 76 N. Y. 164; *Porter* v. *Kingsbury*, 71 id. 588; 1 Wait's Pr. 463; 4 id. 628.) The fact that the notice served was not subscribed or indorsed with the post-office address or place of business of the attorney, as required by rule 2, is fatal to it. (*Kelly* v. *Shehan*, 76 N. Y. 325; *Kilmer* v. *Hathorn*, 78 id. 228;

*Yorks* v. *Peck*, 17 How. 192; *Langdon* v. *Evans*, 29 Hun, 652; *Valton* v. *Assurance Soc.*, 19 How. Pr. 515; *Andrews* v. *Durant*, 6 id. 191; *Dent* v. *Watkins*, 49 id. 275; *Wood* v. *Fisk*, 63 N. Y. 250.) The defendants' right to object to the notice as defective has not been waived. (*Roe* v. *Beach*, 76 N. Y. 164; *Hatch* v. *Elkins*, 65 id. 496; *Francis* v. *Litts*, 2 Hill, 362; 4 Wait's Pr. 623; Code of Civ. Pro., § 434.)

*George Wing* for respondents. The defect in the notice was an irregularity which the party entitled to the notice could and did waive. (*Holmes* v. *Russell*, 9 Dowl. 487; *Clapp* v. *Graves*, 26 N. Y. 418.) The notice should have been returned at once and the defect pointed out. (*Broadway Bk.* v. *Danforth*, 7 How. Pr. 264; *Sawyer* v. *Schoonmaker*, 8 id. 198; *Straub* v. *Parker*, 9 id. 342; *Corbin* v. *George*, 2 Abb. 465.) So far as rule 2 varies or changes the rights or obligations of a plaintiff in a suit upon an undertaking from the obligations imposed by the statute, it is in conflict with the statute and consequently inoperative. (*Glenny* v. *Studwell*, 64 N. Y. 120; *People* v. *Nichols*, 79 id. 582; *Gormley* v. *McGlynn*, 84 id. 286; *Kilmer* v. *Hathorn*, 78 id. 228.) The rules of the Supreme Court are under its control and are to be enforced and administered by it. It can overlook or relieve against a violation of them or a non-compliance with them, and its determination is not under ordinary circumstances reviewable. (*Martin* v. *Lowenstein*, 68 N. Y. 456.)

RUGER, Ch. J. The omission to indorse upon papers served or filed, the post-office address or place of business, of the attorney serving them, as required by No. 2 of the Supreme Court Rules, is a mere irregularity and does not necessarily vitiate either the paper or its service. (*Clapp* v. *Graves*, 26 N. Y. 418.) Such omission entitles the party served, either to return the paper or move to set it aside, but he cannot, after receiving it without objection, safely disregard the office, which the paper is designed to fill. In *Kelly* v. *Sheehan* (76 N. Y. 325), this court held that an omission to make such indorse-

ment upon a notice of the entry of judgment which was intended to limit the right of appeal, rendered it ineffectual for that purpose. It was there held that a notice, upon which it was intended to build a claim, for a penalty or forfeiture, must be regular in every respect, and that in such case the party should be held to strict practice. The reason of this decision is quite obvious, and does not require the extension of its principle to cases not within its spirit. In *Kilmer* v. *Hathorn* (78 N.Y. 228, 230), the objection was described as a technicality, and its use in that case, was justified upon the ground that it defeated a point equally technical raised by the adverse party. The case of *Rae* v. *Beach* (76 N. Y. 164) is not an authority on the point. The notice in that case did not give the information which is expressly required by statute as the condition of the maintenance of the action, viz., the entry of the order or judgment.

The Supreme Court rule in question does not prescribe the consequence or penalty for a violation of its requirements. It is peculiarly the province of the body framing them, to interpret its own enactments, and as a general rule we have considered it the office of the Supreme Court to construe and administer its own regulations, and in their discretion, to impose such penalties and relieve from such defaults as may have been suffered or incurred by attorneys, through neglect to comply with its modes of procedure. (*Martine* v. *Lowenstein*, 68 N. Y. 456.)

In the exercise of their office, they have determined in this case, that the omission to comply with rule 2 was a mere irregularity, capable of being waived and not affecting the object intended to be accomplished, by the service of the notice in question. We are not disposed to disturb that decision of the question.

Of course, the requirement of ten days written notice of the entry of judgment, or order, affirming a judgment, provided by section 1309 of the Code of Civil Procedure, as the condition of an action against the sureties, upon an undertaking on appeal, is fundamental and cannot, in any essential particular, be safely

disregarded. But this requirement has been fully complied with in this case, and the attorney has been informed of every particular contemplated by the statute. The notice served satisfied its object, and fully performed the office designed for it, and there is no justice in saying, because the attorney has disregarded a rule, intended solely to promote the convenience of the opposite attorney, and having no reference to the object of the notice, that, therefore, a meritorious action commenced and prosecuted in strict conformity to the statute giving it, shall be defeated. It would be a perversion of its object and design, and contrary to established rules of interpretation to give it the construction claimed by the appellants. As was said in *Rae* v. *Beach* (*supra*), the notice of entry of judgment, being required by statute for the benefit of the party, it is not competent for the attorney to waive a compliance with it. The court rule, however, being intended for the benefit of the attorney alone, there is no reason why he may not waive its performance, and by accepting and retaining the notice we think he has done so.

The fact that the defendants are sureties works no change in the aspect of the question. Their covenant was to perform their undertaking, upon condition that the judgment appealed from was affirmed, and ten days notice thereof should be given to the attorney for the appellants before action brought. These conditions have been strictly complied with, and they are not entitled to claim the benefit of a rule, not designed for their protection, and in the enforcement of which they are not interested.

We have found no case in this court conflicting with the determination of the General Term, and we think it conforms to the real meaning and intent of the rule in question.

The order of the General Term should, therefore, be affirmed and judgment absolute ordered for the plaintiffs.

All concur.

Order affirmed and judgment accordingly.