92 323
154a 751

WILLIAM G. MILLIGAN, as Sole Surviving Administrator, With the Will Annexed, of CATHARINE M. LANSING, Deceased, and JOHN LANSING, as Executor, etc., of ROBERT LANSING, Deceased, Respondents, *v.* OCTAVIUS O. COTTLE and ALBERT F. CHAPIN, Appellants.

*Notice of entry of an order dismissing an appeal — when sufficient to sustain an action upon an undertaking on the appeal.*

The requirements of section 1309 of the Code of Civil Procedure, as it stood in 1894, that an action upon an undertaking given upon appeal shall not be maintained "until ten days have expired since the service upon the attorney for the appellant of a written notice of the entry of a judgment or order affirming the judgment or order appealed from, or dismissing the appeal," are fully satisfied when the attorney for the respondent serves a copy of the order dismissing the appeal upon the attorney for the appellant, which is signed by the county clerk and indorsed as filed and entered upon a day stated, although no specific notice signed by the attorney for the respondent that the order had been entered was served upon the appellant's attorney.

APPEAL by the defendants, Octavius O. Cottle and another, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Jefferson on the 18th day of January, 1895, upon the decision of the court rendered after a trial at the Jefferson Special Term.

This action was commenced on the 24th day of July, 1894, to recover upon an undertaking given in December, 1875, by the defendants Cottle and Chapin and one Peter McEwen, on appeal to the General Term of this court from a judgment of the Special Term, dismissing the complaint, with costs, in an action wherein Moses Petrie, as surviving executor, etc., of David Petrie, deceased, and Fannie P. Cottle, as administratrix, etc., of Joram Petrie, deceased, were plaintiffs, and William G. Milligan and Jane G. Dann, as administrators, etc., of Catharine M. Lansing, deceased, and Robert Lansing were defendants.

In November, 1893, the General Term dismissed the appeal. On the 19th day of December, 1893, a certified copy of the order dismissing the appeal, which was filed on the back, "Supreme Court. Fannie P. Cottle, as administratrix & ano. *v.* William G. Milligan, as administrator, etc., & ano. Copy order. C. J. Palmer, survivor

of Burrows & Palmer, attorney for W. G. Milligan. Herkimer Co. Clerk's Office. Filed and entered Dec. 18th, 1893. D. M. Richardson, Dep. Clerk," was served on C. C. Cottle, the attorney for the appellants in the action in which the appeal was taken. The appellants' attorney, who is one of the defendants in this action, admitted service of such copy of the order by writing on the back of such copy " Service of a copy of this order admitted Dec. 19, 1893. C. C. Cottle, atty., etc."

Peter McEwen, one of the signers of the undertaking, died before the commencement of this action. Jane G. Dann, one of the defendants in the action in which the appeal was brought, died before the commencement of this action, leaving William G. Milligan as sole surviving administrator, with the will annexed, of Catharine M. Lansing. Robert Lansing, one of the defendants in said action in which the appeal was brought, died before this action was commenced, leaving a will appointing John Lansing executor, to whom letters testamentary were issued.

The trial court held that the service of the certified copy of the order dismissing the appeal, with the indorsement thereon, was a substantial compliance with the requirements of the statute that written notice of the entry of the order should be served on the appellants' attorney before an action on the undertaking could be maintained, and ordered judgment that William G. Milligan, as administrator, etc., recover $177.86, and John Lansing, as executor, etc., recover $549.77, on which judgment was duly entered, from which the appeal is taken.

*Edmund P. Cottle,* for the appellants.

*Lansing & Lansing,* for the respondents.

PER CURIAM:

On the 16th of October, 1875, in an action in the Supreme Court wherein Moses Petrie, executor, etc., of David Petrie, deceased, and Fannie P. Cottle, administratrix, etc., of Joram Petrie, deceased, were plaintiffs, and William G. Milligan and Jane G. Dann, administrators, etc., with the will annexed of Catharine M. Lansing, deceased, and Robert Lansing were defendants, a judgment was entered and docketed in the office of the clerk of Herkimer county,

whereby the complaint of the plaintiffs therein was dismissed, and the said Robert Lansing recovered of the plaintiffs therein the sum of $250.35 costs, and the said Milligan and Dann recovered of the plaintiffs therein the sum of $81.01 costs. The plaintiffs in that action thereupon appealed to the General Term, and, in order to stay execution on the judgment, the defendants in the present action, and one McEwen, on the 29th of December, 1875, duly executed an undertaking that the appellants on that appeal would pay all costs and damages that might be awarded against them on the appeal, not exceeding $500, and also that, if the judgment appealed from, or any part thereof, should be affirmed, or the appeal be dismissed, the appellants would pay the amount directed to be paid by the said judgment or the part of such amount as to which the said judgment should be affirmed, if it should be affirmed only in part, and all damages which should be awarded against the appellants on the appeal.

Thereafter, proceedings were taken toward the making and settlement of a case, and before it was finally settled, and on or about January 1, 1878, Moses Petrie died. Nothing further was done on the appeal until April, 1893, when proceedings were commenced by Milligan, as surviving administrator of Catharine M. Lansing, deceased, to procure a dismissal of the appeal. This resulted in an order made by the General Term on the 28th of November, 1893, "that the appeal in this action be, and the same is hereby dismissed, without costs of appeal to either party thereto, and without costs of this motion to either party." Robert Lansing, one of the defendants when the appeal was taken, died on the 4th of October, 1878, and on the 10th of October, 1878, his will was duly proved and letters testamentary issued to John Lansing, executor therein named.

The present action is brought by Milligan as surviving administrator, etc., of Catharine M. Lansing, deceased, and by John Lansing as executor, etc., of Robert Lansing, deceased, to recover on the undertaking the amounts awarded in the judgment appealed from to Milligan and Dann as administrators, etc., and to Robert Lansing. It is claimed by the defendants that the appeal has not been dismissed as to Robert Lansing or the party representing his estate. The order of dismissal was made upon notice to all parties

interested whether parties to the suit or not. The executor of
Robert Lansing was notified and appeared on the motion and was
interested in having a dismissal.

The action was brought by creditors of Frederick Lansing,
deceased, of whose estate Robert Lansing was executor and it
was claimed that Robert Lansing and Catharine M. Lansing held
certain lands as trustees for the benefit of creditors of Frederick
Lansing. The order to show cause upon which the motion was
brought on was for a dismissal generally, and so was the order
of dismissal. We must, we think, assume that the court intended
an entire dismissal of the appeal. The question of *laches* was in
the proceeding as well as the right of a party under the provisions
of section 1298 of the Code of Civil Procedure. Without doubt
the court had jurisdiction to make the order.

The main question on this appeal arises on the claim of the
defendants that the plaintiffs did not before they commenced this
suit give the notice required by section 1309 of the Code of Civil
Procedure. By that section, as it stood in 1894, when this action
was commenced, it was provided that an action upon an undertaking
like the one here involved shall not be maintained "until ten days
have expired since the service upon the attorney for the appellant
of a written, notice of the entry of a judgment or order affirming
the judgment or order appealed from or dismissing the appeal."

The order of dismissal was duly filed and entered on December
18, 1893, and it is found that on the 19th of December, 1893, a
certified copy of the order was served on O. O. Cottle, attorney for
the appellants on the appeal. The copy order so served was indorsed
on the back as follows: "Supreme Court. Fannie P. Cottle, as
administratrix, & ano., v. William G. Milligan, as administra-
tor, etc., & ano. Copy order. C. J. Palmer, survivor of Burrows
& Palmer, attorney for W. G. Milligan. Herkimer Co. Clerk's
Office. Filed and entered Dec. 18th, 1893. D. M. Richardson,
Dep. Clerk." Service of a copy of the order so indorsed was
admitted in the following form: "Service of a copy of this order
admitted Dec. 19, 1893. O. O. Cottle, atty., &c." Mr. Cottle
appeared for the plaintiffs therein on the motion to dismiss.

The argument on the part of the appellants is addressed chiefly
to the proposition that there was no sufficient notice of entry of the

order. There was no specific notice signed by the attorney that the order had been entered, but the order as served bore a certificate of the clerk that it had been filed and entered. It was also indorsed by the attorney, so that it was in effect a notice from the attorney that the order had been entered. Written information was conveyed that fully answered all the requirements of the statute. We are referred to numerous cases involving the construction of notices given for the purpose of limiting the time to appeal. In such cases it is said that the notice must be regular in every respect and the party must be held to strict practice. This rule does not apply to cases like the present, and that very clearly was the view taken by the court in *Evans* v. *Backer* (101 N. Y. 289, 292). A notice quite similar to the one here was held, in *Baker* v. *Hatfield* (3 Civ. Proc. Rep. 303), by the General Term in the second department to be sufficient even to limit the time to appeal.

We are inclined to the opinion that a sufficient written notice of the entry of the order was given, and that it inured to the benefit of both the present plaintiffs. No other question needs to be specially considered.

The judgment should, we think, be affirmed.

Present — MARTIN and MERWIN, JJ.

Judgment affirmed, with costs.