# MEMORANDUM DECISIONS.

**ABOUD v. BISTANY.** (Supreme Court, Appellate Division, Fourth Department. September 30, 1902.) Action by George A. Aboud against Khalil A. Bistany. No opinion. Motion for leave to appeal to court of appeals denied, with $10 costs.

In re **ADIRONDACK TRUST CO.** (Supreme Court, Appellate Division, Third Department. September 18, 1902.) In the matter of the petition of the Adirondack Trust Company, of Saratoga Springs, to be designated as a deposit bank, under the provisions of supreme court rule 68. No opinion. Referred to Charles Irving Oliver, Esq., of Albany.

**ADLER**, Appellant, v. **TODD**, Respondent. (City Court of New York, General Term. June, 1902.) Action by Ben Adler against Louis L. Todd. Melvin H. Dalberg, for appellant. Weil, Wolf & Kramer, for respondent.

CONLAN, J. The question presented on this appeal is as to whether the notice of the entry of judgment, as served, was in form sufficient for the requirements of section 1351 of the Code of Civil Procedure, and of rule 2 of the general rules of practice. The copy judgment, as served, purported to be a copy of a certified copy thereof, and it is claimed that the same did not contain the proper notice of entry. We think the first objection is sufficiently overcome by the fact that there was contained within the copy of the certified copy a copy of the very judgment itself, which is all that is required to be served as a copy of the judgment. The notice of entry thereof was upon the cover of the paper served, and was in part printed and in part written. The objection of the appellant to this and to this notice appears to be, first, that it is not a written notice of the entry of judgment, in that a part of the notice and the names of the attorneys appear in printed form, and that, therefore, the same was not a written notice, nor subscribed by them. It has been said that the service of this notice is intended to advise the defeated party of the fact that a judgment has been entered, and when and where. In Evans v. Backer, 101 N. Y. 289, 4 N. E. 516, it was held that "the omission to indorse upon a paper served the post office address or place of business of the attorney, as required by general rule of practice No. 2, is a mere irregularity, and does not necessarily vitiate either the paper or its service. Such omission entitles the party served either to return the paper, or to move to set aside; but he cannot, after receiving it without objection, safely disregard it." Never to our mind has it been upheld that a paper, which it is said must be in writing, may not also be in printed form. A summons, with the name of the attorneys printed at the end, has been held to be a proper summons. Many lawyers to-day use an office stamp in admitting service of papers, and the objection has yet to be made that such a signing of a paper does not bind them to what is thus admitted. It also appears that the plaintiff's attorney received and retained the paper, and by so doing waived the objection of irregularity or insufficiency, if any. The notice of entry of a judgment or order may be indorsed upon a copy, or served therewith, and if the papers so served, taken as a whole, contain an indorsement showing the name and address of the attorney of the prevailing party, it is sufficient. Harnett v. Westcott (Super. N. Y.) 2 N. Y. Supp. 10. The learned counsel for the appellant assumes to give, as the only proper definition of the words "in writing," a quotation or selection of words from Funk & Wagnall's Dictionary, to the effect that a "pen is the only instrument that may be used in performing the act," when the same authors define "writing," in a legal sense, to mean "words, or characters that stand for words or ideas, traced on some substance, as paper, wood, or stone, with an implement, as a pen, pencil, or brush, or by some other device, as stamping, printing, or engraving." The weight of authority does not appear to be as appellant's counsel would have it, and if he has received the notice in question, retained it, and sat silently by for a period of a year, and permitted his time in which he might have appealed to lapse, the responsibility is his, and he cannot now be heard to complain. The order appealed from is affirmed, with costs. Order affirmed, with costs.

FITZSIMONS, C. J., concurs.