[No. 29031. Department Two. June 8, 1943.]

CHAS. H. LILLY COMPANY, *Respondent,* v. A. PARRINO, *Defendant,* JOSEPH SANTILLI, *Appellant.*[1]

*Granville Egan,* for appellant.

*Jones & Bronson* and *Story Birdseye,* for respondent.

BEALS, J.—Plaintiff, Chas. H. Lilly Company, a corporation, sued A. Parrino and Joseph Santilli, asking

[1]Reported in 138 P. (2d) 206.

judgment for damages for breach of a contract to deliver seeds. The defendants appeared separately, and the action proceeded to trial before the court sitting without a jury. The court entered findings of fact and conclusions of law in favor of plaintiff, followed by a joint and several judgment against defendants, bearing date July 31, 1942, from which judgment Joseph Santilli has appealed.

It appears from the transcript that, after the entry of the judgment, the defendants joined in a motion for new trial, which motion was denied October 27, 1942.

■ Appellant prepared a proposed statement of facts, which was filed in the office of the clerk of the superior court Tuesday, January 26, 1943, the ninety-first day after the entry of the order denying the motion for a new trial. The proposed statement of facts, not having been filed within ninety days from the date of the entry of the order denying a new trial, will be stricken from the record.

■ Appellant makes ten assignments of error. The first five of these assignments are based upon certain portions of the findings of fact entered by the trial court. In each instance, appellant, after stating the portion of the finding complained of, states that the trial court erred in making the finding, because the record does not contain sufficient competent evidence to support the same. In the absence of a statement of facts, we are unable to consider these assignments of error.

Appellant bases his next four assignments of error upon the contention that the court erred in making four conclusions of law, stating in each assignment that it is based upon the contention that the record does not contain sufficient competent evidence to warrant the conclusion complained of. The conclusions follow the findings, and, in the absence of a statement of facts, we cannot consider any argument concerning the same, save a contention (which is not here presented by the

assignments of error) that the conclusions do not properly follow from the findings.

Finally, appellant assigns error upon the rendition of judgment against him, "for the reason that the evidence adduced at the trial did not prove that Santilli and Parrino were partners, but proved to the contrary, and the judgment is contrary to law." Examination of the judgment discloses that it is amply supported by the findings of fact which the court entered, and follows the conclusions of law. This being true, there is no basis in the record for any argument on appellant's part for the reversal of the judgment, which is accordingly affirmed.

SIMPSON, C. J., BLAKE, ROBINSON, and GRADY, JJ., concur.