[No. 29010. Department One. June 29, 1943.]

J. VICTOR FALK et al., Respondents, v. OSCAR ROSE et al., Appellants, AUBREY RAMM et al., Defendants.[1]

[1]Reported in 139 P. (2d) 634.

*C. J. Henderson* and *Skeel, McKelvy, Henke, Evenson & Uhlmann,* for appellants.

*Carl Christophersen,* for respondents.

MILLARD, J.—Alleging the proximate cause of the accident was the negligence of defendants, J. Victor Falk, operator of an automobile, and his three guests brought four separate actions to recover against defendants for property damage and personal injuries, alleged to have been sustained as the result of a collision September 20, 1941, in Pierce county, of Falk's automobile with a sedan operated by Oscar Rose and with a roadster operated by Aubrey Ramm. Trial of the causes, which were consolidated, resulted in verdict for defendants.

Plaintiffs moved for a new trial on six of the eight statutory grounds: (1) Irregularity in the proceedings of the court, jury, and adverse party by which plaintiffs were prevented from having a fair trial; (2) misconduct of defendants and jury; (3) accident or surprise against which ordinary prudence could not have guarded; (4) newly discovered evidence; (5) insufficiency of the evidence to justify the verdict, and that it is against the law; (6) error in law occurring at the trial and excepted to at the time of the trial.

The trial court granted the motion for a new trial upon the following grounds:

"1. Irregularities in the proceedings of the court, jury and adverse party by which these plaintiffs were prevented from having a fair trial.

"2. Insufficiency of the evidence to justify the verdict and that it is against the law.

"3. Error in law occurring at the trial and excepted to at the time of the trial.

"4. That the verdict of the jury herein, arrived at under erroneous instructions of the trial court, is clearly against the weight of the evidence, and that *therefore* substantial justice has not been done between the parties hereto."

The order granting a new trial was entered November 13, 1942. Defendants appealed, and filed their statement of facts February 10, 1943, or on the eighty-ninth day after entry of the order granting a new trial. Appellants served and filed a supplemental statement of facts April 5, 1943, or one hundred and forty-three days after the order granting a new trial was filed, certified by the official court reporter and the trial court to contain a true copy of all of the respondents' requested instructions and all of respondents' exceptions taken to instructions both given and refused, same having been omitted from the statement of facts as originally prepared.

■ The supplemental statement of facts must be stricken and wholly disregarded in our disposition of this appeal, because it was not served and filed within the prescribed ninety-day period. *Tremblay v. Nichols,* 187 Wash. 109, 59 P. (2d) 1123.

■ While the respondents' motion for a new trial was predicated upon all except two of the statutory grounds, it was primarily addressed to alleged errors in giving certain instructions and in refusing to give instructions requested by respondents. If the trial court erroneously charged the jury or erroneously refused to instruct the jury as requested by respondents, that would constitute an error in law—one of the grounds upon which the motion for a new trial was granted—and would sustain the order granting a new trial.

■ The question whether the trial court erred in giving any of the instructions to which respondents ex-

cepted, and the question whether the trial court erred in refusing to give instructions requested by respondents, cannot be determined without reference to the instructions (the court's instructions, but not respondents' exceptions thereto, are in the statement of facts), which cannot be considered, inasmuch as the supplemental statement of facts, which contains respondents' exceptions to instructions given and respondents' requested instructions, is stricken because not timely filed. In the absence of a statement of facts by which we may determine the question posed, it will be presumed that the trial court rightly granted the motion for a new trial.

The order is affirmed.

SIMPSON, C. J., STEINERT, JEFFERS, and MALLERY, JJ., concur.

August 10, 1943. Petition for rehearing denied.

[1]Reported in 139 P. (2d) 636.