[No. 30149.  Department Two.  February 11, 1947.]

THE STATE OF WASHINGTON, *on the Relation of The Grange Store, Plaintiff,* v. NORMAN R. RIDDELL, *as Clerk of the Superior Court for King County, Respondent.*[1]

*Powell & Ostrander,* for relator.

*Carl W. Bordsen* and *Rummens & Griffin,* for respondent.

STEINERT, J.—Relator, The Grange Store, filed in this court an application and affidavit for a writ of mandate to compel the clerk of the superior court for King county to enter, mark, and file, in a cause then pending, a statement

[1]Reported in 177 P. (2d) 78.

of facts as of a date prior to that on which the trial court actually certified and signed the statement as proposed. Upon such application, the chief justice issued an order directing the clerk of the superior court, respondent herein, to show cause why relator's application should not be granted. Respondent duly made return, incorporating therein a series of affidavits, reciting in detail the events leading up to and including the certification of the statement by the trial court. Upon the record as thus presented, the matter came on for hearing before this court on the briefs and oral argument of respective counsel, and was thereupon submitted for our decision.

The facts relied upon, and as stated by the relator in its application and brief, are substantially as follows: Respondent is the duly elected and acting clerk of the superior court of the state of Washington for King county. An action entitled Virgil Remlinger *et al.* v. The Grange Store, a corporation, was instituted in that court. The plaintiffs in that action were represented by their attorneys Carl W. Bordsen and the law firm of Rummens & Griffin; the defendant was represented by the law firm of Powell & Ostrander, of which firm Mr. Charles W. Johnson, Jr., was also a member.

The superior court cause duly proceeded to a decree in favor of the plaintiffs therein. On August 8, 1946, relator's motion for a new trial was denied, and, under the rules of this court, relator then had until November 6, 1946, inclusive, to serve and file a statement of facts. Relator's counsel prepared such statement and duly served it on opposing counsel on October 21, 1946; at the same time, relator's counsel prepared and served a notice addressed to the plaintiffs and to Rummens & Griffin and Carl W. Bordsen, attorneys, notifying them that the relator had caused to be prepared, and attached to a notice, a stenographic report of the trial of the cause, the report consisting of three hundred fifty-five pages, and proposing such stenographic report as the statement of facts in that case. Parenthetically, we may note that this notice, a certified copy of which is

before us, contains an acceptance of service reading as follows:

"Due and timely service of the attached proposed Statement of Facts by receipt of a true copy thereof is hereby admitted this 21st day of October, 1946.

"RUMMENS AND GRIFFIN and CARL W. BORDSEN
"By Carl W. Bordsen *by Philip Tindall*
"Attorneys for Plaintiffs" (Italics ours.)

This acceptance of service appears to have been signed by Mr. Tindall for the attorneys of record above named, but there is nothing to show Mr. Tindall's authority for doing so. However, respondent herein makes no point of that circumstance, and we therefore pass it by.

Proceeding with relator's statement of the case, it is averred that the plaintiffs in the cause pending in the superior court did not offer any amendments to the proposed statement of facts, and that therefore the statement should have been certified by the trial court at the instance of either party. Subsequently, on October 28, 1946, the attorneys for the plaintiffs returned the proposed statement of facts to relator's attorneys.

We come now to the controversial phase of the matter as set forth by the relator.

On November 6, 1946, which was the last day permissible under the rules of this court for filing relator's statement of facts, Mr. L. N. Ostrander, one of the attorneys for relator, appeared before the trial judge, Honorable Robert M. Jones, and presented the proposed statement for certification and filing. It is asserted that, "for reason of his own," the judge refused to certify the statement, and that the deputy clerk of the court, then having the document in his possession, returned it, under the court's direction, to Mr. Ostrander. It then appeared to Mr. Ostrander that further action by him as an attorney was impossible, since he had no power or authority to demand that the judge or the deputy clerk do anything in the premises. He therefore returned to his office, taking the proposed statement of facts with him.

On the next day, November 7, 1946, which was the ninety-first day after the effective date of the decree, Mr. M. D. Powell, another member of the firm of Powell & Ostrander, appeared before Judge Jones with the proposed statement of facts, but again the judge declined to certify it and the deputy clerk refused to retain it in his possession, despite the fact that they were both at that time "assured that everything was in order as evidenced by the file which was also presented." By that time, the attorney felt that relator's only remedy would be to appeal immediately to the supreme court.

However, before taking such step, Mr. Chas. W. Johnson, Jr., the third member of the firm of Powell & Ostrander, again presented the proposed statement of facts to Judge Jones, in open court, on November 12, 1946, which was the ninety-sixth day after August 8, 1946. At that time, Mr. Johnson advised the court that this was the third attempt to have the statement of facts certified, and that he was at a loss to understand why the court would not make certification or why the deputy clerk would not retain possession of the document. After some hesitation, Judge Jones "requested" that the proposed statement of facts be taken to the clerk's office on the ninth floor of the courthouse and there filed. No reason for this was indicated, and that was the first time that it was so "requested." The deputy clerk subsequently stated that "he could have marked the Statement of Facts filed on November 6, 1946, when it was in his possession." Following this colloquy, Judge Jones did later, on November 12, 1946, actually certify the statement of facts, and the clerk did permanently retain possession thereof. Relator's attorneys subsequently learned

". . . that the Trial Judge had telephonically advised Respondent's lawyers on this same morning of November 12, 1946, that Relator's lawyers were insisting on certification and that he, the Trial Court, questioned whether there were any objections to this."

Upon these facts as alleged by the relator, it contends that it is entitled to a writ of mandate compelling the respondent, clerk of the superior court, to mark, enter, and

consider the statement of facts as having been filed on November 6, 1946, which was the ninetieth day allowed for such filing.

We shall now direct our attention to the return made by the respondent, Norman R. Riddell, clerk of the superior court. The return denied all of the material allegations contained in relator's application and affidavit, except those pertaining to the official capacity of the respondent and the representative status of relator's attorneys, and then, by way of an affirmative response, set forth generally the contents of five affidavits which were attached to and made a part of the return.

The first of these affidavits was that of Judge Jones himself, who gave the following version of the matter: The decree in the cause out of which this proceeding arose was entered July 30, 1946. Relator's motion for new trial was denied August 8, 1946. Judge Jones' courtroom is room No. 828 on the eighth floor of the King county courthouse; the office of the clerk of King county is on the ninth floor of the same building. We quote the remainder of the affidavit:

"During the period November 4th to 13th, inclusive, there was being tried before me [Judge Jones], in the usual course, an action between other parties. I do not specifically recall the dates, but on the first occasion one of counsel for Relator, whom I thought was Mr. Powell, but I am advised was Mr. Ostrander, presented to me the proposed Statement of Facts (which I afterwards certified) for certification. I examined the document and found no filing marks by the Clerk upon it and no acceptance of service by counsel for the opposing side and I was presented with no stipulation of any kind. I advised counsel that it did not show that it had been filed and that it must be filed in the office of the Clerk of the Court. I believe counsel stated that the Statement of Facts had been served and no amendments were proposed, but I suggested some showing should be made in that respect, to wit a stipulation of opposing counsel. However, I would not certify the Statement of Facts until after it had been filed. The proposed Statement of Facts was then returned to counsel for filing.

"On, I believe, the following day another one of the Relator's attorneys again handed up the Statement of Facts

for certification in the same status that it was the previous day—it had not been filed. I again advised this attorney that the Statement of Facts must be filed before I could certify it and expressed some curiosity as to whether it had been served or whether there might be amendments; I returned the Statement of Facts to the attorney for filing.

"On November 12th, 1946, and I fix that date because of the Clerk's filing stamp on the document, Mr. Charles W. Johnson, one of the attorneys for Relator appeared before me and again handed up the Statement of Facts requesting certification. The Statement was in the same condition as previously stated, without showing it had been filed and without showing it had been served on counsel. Mr. Johnson advised it had been served; that ten days had elapsed and no amendments had been proposed.

"The Statement of Facts was returned to Mr. Johnson and I again advised him that it must be filed before I could certify it. I also advised him that I had so instructed two other attorneys for Relator on two previous occasions that the Statement of Facts must be filed before I would sign it and there should be some showing made by stipulation or proof of service that counsel for the opposing side had seen the Statement of Facts. No such showing was ever made to me.

"Mr. Johnson left the court room, and not having presented any documents showing that the Statement had been served or any stipulation, I again interrupted the trial before me, went into Chambers and called one of counsel for Respondent, Mr. Bordsen, to inquire whether the Statement of Facts had been served and if there were any amendments to be proposed. I was advised it had been served and no amendments were proposed. I returned to the Bench; thereafter Mr Johnson came into my court room and again presented the Statement of Facts for certification, and for the first time it showed that it had been filed in the Office of the Clerk and on November 12th, 1946, I certified the Statement of Facts.

"I never was advised by any of counsel for Relator that any emergency existed in the matter of time or the danger of time running out.

"I endeavored as best I could to advise the attorneys on each occasion as to what they should do. My instructions were sufficiently clear, as shown by the affidavit of Mr. Birdseye, one of the attorneys trying the then pending action before me and not interested in the present matter

at all, that he clearly understood my instructions to counsel."

Three separate affidavits made, respectively, by Leo McCullough, deputy court clerk assigned to Judge Jones' department, Charles Cummings, bailiff in that department, and Story Birdseye, the attorney who was trying a case before Judge Jones during the entire period of events above mentioned, corroborated at length and in detail the statements made by Judge Jones in his affidavit.

The fifth affidavit was given by the respondent clerk, Norman R. Riddell. He stated therein that, for the proper conduct of his office, he had made a rule prohibiting deputy clerks assigned to departments of the superior court from accepting for filing anything except papers presented in open court during the actual trial of a matter in litigation; that a record entry of each filing must be made immediately, and any document filed is not allowed out of the possession of the clerk until such entry record has been made; that, when a statement of facts is presented for filing, it is stamped with the official stamp on the front thereof and an entry record thereof immediately made; and that, after a statement of facts has been certified by the court, it is again stamped with the official stamp of the clerk of the court placed on the back thereof and an entry thereof made at once.

The statement of facts in this case shows that the official stamps were placed thereon by the clerk of the superior court on November 12, 1946, in accordance with the routine described by the respondent.

No counteraffidavits have been filed by the relator in any way contradicting the averments contained in the five affidavits referred to above.

It is apparent to us that relator's respective attorneys, however active, earnest, and sincere they may have been, did not hear or else did not understand the admonitions given to them by the trial court at the various times when they presented their proposed statement of facts. In any event, it is conceded by them that the statement of facts

was never actually filed in the office of the respondent clerk until November 12, 1946, six days after the time allowed for such filing had expired. It is also an established fact in this proceeding that no proof of service of the proposed statement upon opposing counsel was ever submitted to Judge Jones, although an affidavit to that effect had previously been filed in the clerk's office.

■ Rule 9(1), Rules of the Supreme Court, 18 Wn. (2d) 9-a, provides:

"A proposed bill of exceptions or statement of facts must be served and filed *in the office of the clerk of the superior court* within ninety days after the date of entry of the final judgment, or appealable order, for the purpose of appealing from which the bill or statement is proposed." (Italics ours.)

The filing of a statement of facts within the ninety-day period, as required by the foregoing rule, is jurisdictional. *Pattison v. Walker,* 2 Wn. (2d) 62, 97 P. (2d) 160, 100 P. (2d) 20; *McKasson v. Huntworth,* 5 Wn. (2d) 661, 105 P. (2d) 44; *Nash v. Nash,* 23 Wn. (2d) 448, 161 P. (2d) 326. Cf. *State v. Brown,* 26 Wn. (2d) 857, 176 P. (2d) 293.

■ Another rule, similar in effect and equally well settled in this jurisdiction, is that, if a statement of facts be filed after the time permitted by Rule 9(1), the statement will be stricken, whether or not the opposing side moves to that end. *Pattison v. Walker, supra; McKasson v. Huntworth, supra; Martell v. Raymond,* 11 Wn. (2d) 165, 118 P. (2d) 950; *Lilly Co. v Parrino,* 18 Wn. (2d) 128, 138 P. (2d) 206; *Falk v. Rose,* 18 Wn. (2d) 333, 139 P. (2d) 634.

Relator contends that the act of its attorney in placing the proposed statement of facts in the hands of the deputy court clerk in Judge Jones' courtroom on November 6, 1946, with the request that it be then and there certified by the court, manifested an intention then and there to file the document and, therefore, constituted a legal filing thereof.

One answer to that contention is that the attorney did not *leave* the statement with the deputy clerk but took it away with him to his own office, where it was kept, first,

for a period of one day and thereafter for five additional days, before the actual filing thereof. The intent of the attorney is best divined by his acts. If his intention was then and there to file the statement, and if his act constituted a legal filing thereof, then he had no right to take the filed document away from its official custody and retain it in his own exclusive possession.

■ The decisive answer to relator's contention, however, is that Rule 9(1) requires that a statement of facts be filed *in the office* of the clerk of the superior court. That was not done within the ninety-day period prescribed by the rule. The office of the clerk of the superior court for King county is on the ninth floor of the courthouse, not in the courtrooms of the fifteen different judicial departments. Compliance with that rule would have obviated the situation presented in this proceeding, as it would likewise prevent the difficulties arising when a statement of facts is presented for certification on the last day prescribed by the rule and the judge is then absent. If the statement of facts is timely filed in the office of the clerk of the superior court, it can thereafter be properly certified by the judge.

In support of its contention, relator quotes from 4 C. J. 297, 298, Appeal and Error, §§ 1912, 1913 (restated in 4 C.J.S. 1378, Appeal and Error, §§ 874, 875), and cites a number of cases appearing in the footnotes to the text. Those cases do, in a general way, support relator's contention, but the distinguishing feature about them is that none of them involves an express jurisdictional rule such as that which obtains in this state. Those cases are, therefore, not apposite.

As indicated by the affidavit of the respondent clerk, referred to above, he had adopted a rule which prohibits deputy clerks assigned to the various departments of the superior court from accepting for filing any document other than those that are presented in open court *during the actual trial of a matter in litigation.* While that rule may not be said to be, of itself, legally effectual and mandatory, we have no hesitancy in saying that it is a good rule

and should be followed. Compliance with that rule not only will contribute to an orderly practice, but also will obviate disputes with reference to when and where particular documents were filed, and, as already stated, will avert many unfortunate situations such as that involved here.

In our foregoing discussion, we have referred to the fact that, although relator timely filed a written acceptance of service of the statement of facts, that instrument did not accompany the proposed statement when presented to Judge Jones. Upon the inquiry made by the judge with reference to that matter, it was the duty of counsel either to produce the acceptance of service or otherwise establish to the proper satisfaction of the court that the statement had been duly served.

Upon the facts shown by the record presented to us and under the provisions of Rule 9(1), we must hold that the statement of facts was not filed in the proper place within the ninety-day period, and that the respondent cannot be compelled to certify otherwise than he did.

The application for writ of mandate is denied.

MALLERY, C. J., ROBINSON, JEFFERS, and HILL, JJ., concur.