[No. 32324.  *En Banc.*  March 18, 1954.]

JACK HAMILTON *et al.*, *Respondents*, v. KIONA-BENTON IRRIGATION DISTRICT, *Appellant.*[1]

*White & White, Stephen E. Chaffee*, and *Kenneth C. Hawkins*, for appellant.

*Sensney & Davis*, for respondents Prior and Murphy.

*Moulton, Powell, Gess & Loney*, for respondent Hamilton.

SCHWELLENBACH, J.—Respondents have moved this court to strike the statement of facts for the reason that the

[1] Reported in 268 P. (2d) 446.

same was not filed within ninety days from the entry of the judgments. They have also moved to dismiss the appeal of the appellant for the reasons that appellant has not filed its brief on appeal, and that the appeal has not been diligently prosecuted in that more than eight months have elapsed since the filing of the statement of facts.

Jack Hamilton, John Shannon, and the executors of the estates of Archie Prior and Robert Prior, deceased, and Charles O. Murphy commenced three separate actions against Kiona-Benton irrigation district and its directors, in the superior court for Benton county. The three cases were consolidated for trial, and later, for the purposes of appeal to this court. The jury rendered verdicts for the plaintiffs against the defendant irrigation district only, in each case, on June 25, 1952.

June 27, 1952, motions were made for judgments notwithstanding the verdict or, in the alternative, for new trials. The motions were argued at Prosser before Honorable B. B. Horrigan, judge for Franklin and Benton counties, who resides at Pasco. The court minutes for July 3, 1952, state:

"This matter coming on for argument on Motion for Judgment N.O.V. Plaintiffs being represented by Dean W. Loney of counsel for Jack Hamilton, and Herbert H. Davis for Charles O. Murphy and John Shannon et al. Defendants appearing through their attorneys, R. M. White, Kenneth Hawkins and S. E. Chaffee. Argument by Mr. Hawkins for Defendant. Motions overruled. Motions for New Trial and Judgment N.O.V. denied."

Judgments were signed July 8, 1952, and were filed for record July 10, 1952. When Judge Horrigan sent them to the clerk of Benton county, he wrote:

"B. B. HORRIGAN, JUDGE          ORRIS L. HAMILTON, JUDGE
SUPERIOR COURT OF THE STATE OF WASHINGTON
BENTON and FRANKLIN COUNTIES
Pasco, Washington
July 8th, 1952

"Clerk of the Superior Court
Benton County
Prosser, Washington

In re:  Jack Hamilton vs. Kiona-Benton Irrigation District

John Shannon, et al, vs. Kiona-Benton Irrigation District

Chas. O. Murphy, vs. Kiona-Benton Irrigation District

Dear Mr. Kemp:

I am enclosing judgment which I have signed in the above three cases.

"Sincerely yours,

B. B. Horrigan [signed]

B. B. HORRIGAN.

P.S. At the bottom of the judgment, I have added: "Motion for New Trial and Judgment N.O.V. are denied."

BBH: em

enc.

cc—Stephen E. Chaffee

White & White

Sensney & Davis

Moulton, Powell, Gess & Loney"

July 14, 1952, appellant gave notice of appeal. It was signed by Kenneth C. Hawkins, Stephen E. Chaffee, and White & White, attorneys for appellant, and stated:

"YOU AND EACH OF YOU ARE HEREBY NOTIFIED that the defendant Kiona-Benton Irrigation District does hereby appeal to the Supreme Court of the State of Washington from all of that certain judgment made and entered herein by the above-entitled Court on the 10th day of July, 1952, signed by the Honorable B. B. Horrigan on the 8th day of July, 1952;  . . ."

The statement of facts was filed October 9, 1952, and was certified by the trial court April 16, 1953.

Rule on Appeal 41, 34A Wn. (2d) 42, provides that within thirty days after the statement of facts shall have been filed, the appellant shall serve on the respondent three copies of a printed brief on appeal, and shall file with the clerk of the supreme court twenty-five copies thereof; together with proof of service.

Rule on Appeal 51, 34A Wn. (2d) 55, provides that a respondent may move to dismiss an appeal on the ground that "the appellant's brief has not been served or filed,

. . . or that the appeal has not been diligently prosecuted." Rule 52 provides that the supreme court *may* grant such motion in whole or in part. In other words, it is discretionary, rather than mandatory.

Although the statement of facts was filed October 9, 1952, it was not certified until April 16, 1953, and the motion to dismiss the appeal was filed in this court July 6, 1953. Under the circumstances, we feel that respondents are in no position to complain that the appeal has not been diligently prosecuted. The motion to dismiss the appeal is denied.

Rule on Appeal 34, 34A Wn. (2d) 36, provides:

"A proposed statement of facts must be served on one of the adverse parties and filed in the office of the clerk of the superior court in which the case was tried within ninety days after the date of entry of the final judgment, or appealable order, for the purpose of appealing from which the statement is proposed and notice of the filing thereof shall also be served on all other adverse parties: *Provided,* That the superior court or the Chief Justice of the supreme court may extend the time not to exceed thirty days for the filing of the proposed statement of facts if good cause be shown and the application for extension of time be made within the ninety-day period. The application may be made after giving notice to opposing counsel."

Rule on Appeal 32, 34A Wn. (2d) 32, as amended, provides that, in order that the supreme court may acquire jurisdiction of an appeal in a civil cause, the appellant must, among other things, "serve and file a proposed statement of facts when necessary to consider the questions presented—. . ."

September 22, 1952, Mr. Hawkins, attorney for appellant, who lives in Yakima, wrote to Mrs. Edna Mooney, at Pasco. She was the court reporter who was preparing the statement of facts. He inquired how she was getting along, mentioning that the judgment was entered July 10th, and that, under the new rules, a thirty-day extension could be obtained, provided it was requested before the ninety days were up. She advised him on October 3rd that

she had sent the statement to Mr. White that day by express. Mr. White lives at Prosser, the county seat of Benton county. October 6th, the statement was expressed from Prosser to Mr. Hawkins at Yakima, where he received it October 8th. Edna Mooney was named as the shipper. Due and timely service of the statement was acknowledged on October 9th by Sensney & Davis and Moulton, Powell, Gess & Loney, although Mr. Hawkins in his affidavit alleges that Mr. Powell acknowledged service on October 8th. At any rate, the statement was filed October 9th, the ninety-first day. Although counsel may have felt secure in the belief that the statement of facts would be furnished within the ninety-day period, he did not petition the superior court or the chief justice for an extension of time of thirty days within which to file it.

The proviso in Rule 34 was added to our rules on appeal in order to alleviate an appellant's burden in a situation such as this. Furthermore, the statement was expressed to Mr. White, in Prosser, on October 3rd. He was one of the attorneys who signed the notice of appeal. All of the attorneys for appellant must be charged with knowledge of the shortness of time when the statement was expressed to Mr. Hawkins on October 6th.

In *Wheeler v. S. Birch & Sons Constr. Co.*, 27 Wn. (2d) 325, 178 P. (2d) 331, where the statement of facts had not been filed within the ninety-day period, it was shown that the delay was due to the fact that the court reporter in King county had two long transcripts ordered before the appellants' order was given. It was also shown that, between the entry of the judgment and the time the statement was due to be filed, the operators who type from the dictated record of the case were on strike, and that it was a physical impossibility to complete the statement on time. In ordering the statement of facts stricken, we quoted from *State ex rel. Grange Store v. Riddell*, 27 Wn. (2d) 134, 177 P. (2d) 78:

."The filing of a statement of facts within the ninety-day period, as required by the foregoing rule, is jurisdictional. *Pattison v. Walker,* 2 Wn. (2d) 62, 97 P. (2d) 160, 100 P.

(2d) 20; *McKasson v. Huntworth*, 5 Wn. (2d) 661, 105 P. (2d) 44; *Nash v. Nash*, 23 Wn. (2d) 448, 161 P. (2d) 326. CF. *State v. Brown*, 26 Wn. (2d) 857, 176 P. (2d) 293.

"Another rule, similar in effect and equally well settled in this jurisdiction, is that, if a statement of facts be filed after the time permitted by Rule 9 (1), the statement will be stricken, whether or not the opposing side moves to that end. *Pattison v. Walker, supra; McKasson v. Huntworth, supra; Martell v. Raymond*, 11 Wn. (2d) 165, 118 P. (2d) 950; *Lilly Co. v. Parrino*, 18 Wn. (2d) 128, 138 P. (2d) 206; *Falk v. Rose*, 18 Wn. (2d) 333, 139 P. (2d) 634."

Contention is also made that the order denying a motion for a new trial, which was included as a part of the judgment, did not specify the reasons therefor, as required by Rule of Superior Courts 16, 34A Wn. (2d) 118; that the matter is therefore still pending before the trial court, and that the ninety-day period for filing the statement of facts has not commenced to run. When appellant appealed "from all of that certain judgment made and entered herein by the above entitled court on the 10th day of July, 1952," it thereby waived any right to rely upon Rule 16.

The motion to strike the statement of facts is granted.

MALLERY, HILL, HAMLEY, DONWORTH, FINLEY, WEAVER, and OLSON, JJ. concur.

GRADY, C. J. (dissenting)—I am not in accord with that part of the majority opinion which in effect decides that this court is without power to consider a statement of facts on appeal when it is not filed in the office of the clerk of the superior court within the time prescribed by rule of court, and that in such circumstances such statement of facts must be stricken from our records. The rule that power is lacking is based upon the idea that the timely filing of a statement of facts is one of the jurisdictional steps necessary to be taken to perfect an appeal to this court.

When this court was governed in its procedure by statutes, the rule was regarded as mandatory. However, we decided in the case of *In re Local Imp. Districts No. 29 to 37, in the Town of Grandview*, 108 Wash. 211, 183 Pac. 107, that

the time for filing a notice of appeal to a superior court was tolled during such time as a public officer failed to perform his duty in the preparation of the necessary transcript. The filing of the transcript within a specified time was jurisdictional. We held it was error for the superior court to dismiss the appeal. I do not find that the case has ever been cited, modified, overruled, or used in any manner.

Much injustice has been done to litigants because of failure of their attorneys to timely take jurisdictional steps in an appeal. Advocates of the proposal to transfer authority from the legislature to the court to provide for and to regulate procedure urged that such injustices could be avoided if the court had the power to exercise its discretion in proper cases. By chapter 118, Laws of 1925, p. 187 [cf. RCW 2.04.190], the legislature surrendered to the supreme court the power to prescribe appellate procedure by rules, but the expected relief through the exercise of the court's discretion did not happen for the reason that the court continued in the beaten path and applied its rules in the same way as it had the mandatory statutes. The judges of this court took the view that when we prescribed rules setting forth jurisdictional steps to be taken in an appeal the court was automatically powerless to except any case from their operation, no matter how great the injustice to the litigant might be. The late Judge Herman saw the fallacy of such a viewpoint and gave expression to it in *Potlatch Lbr. Co. v. Ferry County*, 167 Wash. 491, 9 P. (2d) 783. He found support for his view in *United States v. Breitling*, 61 U. S. 252, 15 L. Ed. 900, and *Evans v. Backer*, 101 N. Y. 289, 4 N. E. 516. Those cases pointed out that the power of the court to make rules carried with it the right to waive them or to except a particular case from their operation whenever the purpose of justice so required. We continued to disregard Judge Herman's very logical viewpoint until we were confronted with such situations as were presented in *State v. Brown*, 26 Wn. (2d) 857, 176 P. (2d) 293, and *State ex rel. Bird v. Superior Court*, 30 Wn. (2d) 110, 190 P. (2d) 762. In those cases, we recognized that we did have the power to except a particular case from the operation of

a jurisdictional rule, but instead of standing on the doctrine of the *Grandview* case, *supra,* or accepting the logic of Judge Herman, we sought to justify our action on the ground that we were confronted with capital cases.

We should hold in this case that our rules have not divested us of our inherent powers, and that we do have the power and authority to entertain an appeal though not timely taken, and that, while we may dismiss such appeal for want of timely action, we are not obliged to do so. Such an assertion on our part is consistent with both the letter and spirit of the act of 1925, and is a continuation of our expressed views that we will dismiss appeals when taken for the purpose of delay and not diligently prosecuted, and is also an adherence to the view that the members of the bar must familiarize themselves with our rules and observe them. In this way, we may have orderly procedure and expedition of appeals, and at the same time be in a position to observe due process of law and prevent injustices to litigants because of excusable delays or over-sights by their attorneys.

The motion to strike the statement of facts should be denied.

June 3, 1954. Petition for rehearing denied.